METCALF ADAMS *vs.* INHABITANTS OF STONEHAM.

Middlesex.    December 13, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Way,* Defect in highway.    *Evidence.*

In an action under R. L. c. 51, § 18, against a town for personal injuries caused by an alleged defect in a highway consisting of the presence in the road of a large number of loose stones of different sizes over which the plaintiff's horse stumbled, evidence offered by the defendant, to prove that it had made an appropriation for the repair of streets in the year of the accident sufficient to provide for an expenditure of a certain sum of money per mile for all its streets, properly may be excluded as irrelevant to the question whether it had used reasonable care and diligence to keep the street where the alleged defect existed in good repair.

The presence in a street of a town of a large number of loose stones of different sizes over which the horse of a traveller stumbles may be found to be a defect in the highway within the meaning of R. L. c. 51, § 18.

TORT under R. L. c. 51, § 18, for personal injuries received by reason of an alleged defect in Green Street, a highway of the defendant, consisting of loose stones on which the plaintiff's horse stepped and stumbled while the plaintiff was driving in a wagon on June 5, 1901. Writ dated July 8, 1901.

In the Superior Court the case was tried before *Mason*, C. J. Against the defendant's objection and exception he excluded the evidence which is described in the opinion. The character of the alleged defect and the evidence in regard to it also are described in the opinion. At the close of the evidence the defendant asked the Chief Justice to instruct the jury as follows:

1. Upon all the evidence the plaintiff cannot recover.

2. Upon all the evidence there is no defect proven in the case for which the defendant would be liable.

The Chief Justice refused to give either of these instructions, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions, which after the death of *Mason*, C. J. were allowed by *Fessenden*, J.

The case was submitted on briefs.

*H. F. Hurlburt & C. M. Davenport*, for the defendant.

*S. L. Whipple, W. R. Sears & H. W. Ogden*, for the plaintiff.

SHELDON, J. The first question raised by these exceptions is whether the court erred in excluding evidence offered by the defendant to show how much money was appropriated by the defendant town for the repair of streets in the year of the accident, for the purpose of showing how much per mile of streets was appropriated that year for that purpose. There was testimony of the total amount raised by taxation that year, that there were fifty-eight miles of streets in the town at that time, and that the neighborhood of this street was not thickly settled, but nothing further was shown or offered to be shown upon this point.

Since the passage of St. 1877, c. 234, § 2, now incorporated into R. L. c. 51, § 18, a town is not liable for injury or damage caused by a defect in its ways unless it has failed to exercise reasonable care and diligence in the premises; *Post* v. *Boston*, 141 Mass. 189, 193; and inasmuch as towns are not required to incur disproportionate and unreasonable expenses in keeping their streets reasonably safe for travel, it is competent for a town, when sued under this statute, to show among other things what it was reasonable and practicable to do with reference to existing conditions, the cost of what was done and of what would have needed to be done to remedy the defect in question,

and the amount of money available for that purpose. The whole matter of the alleged negligence of the town is for the jury, and these considerations have a legitimate bearing upon that question. *Rooney* v. *Randolph,* 128 Mass. 580. *Hayes* v. *Cambridge,* 136 Mass. 402. *Sanders* v. *Palmer,* 154 Mass. 475. *Weeks* v. *Needham,* 156 Mass. 289. *O'Brien* v. *Woburn,* 184 Mass. 598, 599. But mere evidence of the total amount raised by taxation, of the amount appropriated by the town for repairs of streets, of the total length of streets to be cared for, and of the amount of appropriation per mile of street, never has been held to be competent by itself; and it seems to us to fall far short of furnishing any proper guide for a jury in passing upon the question of whether any particular defect could have been remedied by the exercise of reasonable care and diligence. As pointed out in the plaintiff's argument, the fact that the town was willing to spend money which would average up to a certain amount per street mile is entirely irrelevant to the question whether it had used reasonable care and diligence to keep this particular street in good repair. There was no offer to show how much had been actually spent either upon this street or any other street in the town. *Rooney* v. *Randolph,* 128 Mass. 580, and *Hayes* v. *Cambridge,* 136 Mass. 402, so far as we have discovered, are the only cases in which the exclusion of evidence of this character was held to be erroneous. In the latter of these cases, the offer was to show that the defendant had done all that it was practically possible to do towards clearing its streets of a general accumulation of snow and ice; in the former, it practically was to show that the cost of wholly clearing away the drift in question would have been disproportionate and excessive. In the case at bar, the defendant's offer fell far below this. In *Sanders* v. *Palmer,* 154 Mass. 475, which comes nearest to supporting the defendant's position, some additional facts were shown to those included here in the evidence and the offer; the case turned at least in part (see the opinion, p. 477) on the meagreness of the plaintiff's bill of exceptions; and it was said by Knowlton, J., in giving the opinion of the court, that "the length of the roads which it [the town] is obliged to maintain, the ease or difficulty of maintaining them, the amount of travel over them, and the amount of assessable

property in the town, are all elements to be considered in determining how high a degree of excellence can reasonably be required of a town in the construction and repair of any particular piece of road." In our opinion, the exclusion of the testimony offered by the defendant cannot be said to have been erroneous.

The alleged defect in the street was the presence of a large number of loose stones of sizes varying from large to small, upon the surface of the roadbed, upon which the plaintiff's horse stumbled. Without going over the evidence as to this question, we think that it was properly for the jury, and that they might find that the street was defective for this reason. *Savory* v. *Haverhill*, 132 Mass. 324. *Lamb* v. *Worcester*, 177 Mass. 82. Doubtless there was also much evidence that this was an ordinary country road, of a gravelly character, with only an occasional small stone; and there is room for argument, which doubtless was pressed upon the jury, that upon the weight of the evidence there was here nothing in the nature of a real defect. But we cannot revise the conclusion of the jury. The second instruction asked for was rightly refused.

It has not been argued that there was not evidence for the jury on all the other questions involved in the case, and accordingly the first instruction requested could not have been given.

*Exceptions overruled.*