MARY J. GALLAGHER *vs.* INHABITANTS OF WATERTOWN.

Middlesex.     November 14, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Way*, Defect in highway.

A hole in the concrete of a sidewalk which has existed for more than a year, caused by cutting away the concrete in the removal of a lamp post, the excavation after the removal of the post having been filled with earth, which afterwards settled, leaving an uneven surface with the edges of the concrete " to a certain extent rough and rounded," may be found to be a defect in a highway of a town.

TORT for personal injuries alleged to have been caused by a defect in the concrete sidewalk of Main Street, a highway of the defendant, between eight and nine o'clock in the evening of October 31, 1903, when the plaintiff, a girl fifteen years of age, who had been doing some shopping, was on her way home ·with her sister and another companion. Writ dated February 1, 1904.

In the Superior Court the case was tried before *Hitchcock*, J. The evidence in regard to the alleged defect is described in the opinion. The judge refused to order a verdict for the defendant, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*W. A. Abbott*, for the defendant.

*D. L. Smith*, for the plaintiff.

BRALEY, J. In walking over one of the public ways within the town, the plaintiff received injuries by stepping into a hole of which she had no previous knowledge. Upon the question of her due care, the case presents no peculiar features to distinguish it from the recent cases of *Torphy* v. *Fall River*, 188 Mass. 310; *Campbell* v. *Boston*, 189 Mass. 7, and *Bennett* v.

*Everett,* 191 Mass. 364, where it was held that this issue was properly submitted to the jury.

The principal contention of the defendant, however, is, that there was no evidence either of a defect or of its negligence. But if the descriptions of the extent of the depression which had existed for over a year were variant in some particulars, there was a general agreement of the witnesses, that in the removal of the lamp post set in the sidewalk near the curb, the concrete had been cut away, and after removal the hole had been filled with earth, which subsequently settled leaving an uneven surface. In describing the edges of the concrete, one of the plaintiff's witnesses said, that they were " to a certain extent rough and rounded," while the defendant's superintendent of streets referred to them, as " not particularly ragged," as there were no projecting stones. But the duty of municipal corporations in regard to the proper maintenance or repair of public ways, and under what circumstances either a defect can be found to have existed, or they should be charged with negligence in not making suitable repairs, has been so fully considered in *Moynihan* v. *Holyoke,* 193 Mass. 26, and in *Mason* v. *Winthrop,* 196 Mass. 18, that no useful purpose would be served by further discussion.

Under the authority of these decisions this question also was one of fact, and the request of the defendant that a verdict be ordered in its favor was rightly refused.

*Exceptions overruled.*