### WILLIAM H. HOWE *vs.* CITY OF MARLBOROUGH.

Middlesex.    November 8, 1909. — January 5, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Way*, Defect in highway.

Where a concrete sidewalk of a public way of a city is crossed by a driveway and the edge of the concrete adjoining one side of the driveway is rough and jagged, there having been no attempt by edgestones or otherwise to provide a permanent step or a gradual and reasonably regular ascent from the level of the driveway to that of the concrete, which is two and a quarter or two and a half inches higher for the whole width of the walk, if a traveller is injured by reason

of catching his toe when stepping from the driveway to the sidewalk, and brings an action against the city, the question whether his injury was caused by a defect in the highway is one of fact for the jury.

TORT for personal injuries sustained by the plaintiff by reason of an alleged defect in Maple Street, a public way of the defendant. Writ dated February 3, 1906.

In the Superior Court the case was tried before *Lawton*, J. The jury took a view of the place of the accident. The manner of the accident and the character of the alleged defect as shown by the evidence are stated in the opinion. The driveway there mentioned which crossed Maple Street at the place of the accident led to land owned by the defendant. At the close of the evidence, the defendant asked the judge to rule that on all the evidence the plaintiff could not recover, and that a verdict must be ordered for the defendant. The judge refused to make this ruling, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

*J. W. McDonald*, for the defendant.

*J. J. Shaughnessy*, (*F. P. O'Donnell* with him,) for the plaintiff.

RUGG, J. There was evidence tending to show that the plaintiff, while a traveller upon a public way of the defendant on the evening of a December day, caught his toe against a rise or projection near the middle of a concrete sidewalk, and received an injury. Across the sidewalk was a driveway, but there was no edgestone or gradual slope to separate or protect it. Its appearance was as if a part of the sidewalk had been at one time upon one level, and later the rest built at another level, the rise being two and a quarter and two and a half inches, extending the width of the walk. "The edge of the rise" was described as "broken and ragged," "rough," "a little bit jagged," and also as a "break" and as "broken off a little abruptly."

The defendant stoutly contends that the case is governed by *Raymond* v. *Lowell*, 6 Cush. 524, *Newton* v. *Worcester*, 174 Mass. 181, *Burke* v. *Haverhill*, 187 Mass. 65, *Rust* v. *Essex*, 182 Mass. 313, and *Isaacson* v. *Boston*, 195 Mass. 114, in each of which it was ruled as matter of law that the alleged defect was not such as the statute contemplated as a foundation for liability. See

also *Mason* v. *Winthrop*, 196 Mass. 18, 20. But these are all distinguishable in that the condition complained of as defective was either in the portion of the highway specially constructed for travellers in carriages, or in the dividing line between the carriageway and the sidewalk, or in being slight or gradually sloping depressions in the footway. There is just enough of difference between the present facts and those presented in the cases cited to make it impossible to rule as matter of law that there was no defect. Where there is a difference in elevation between portions of a sidewalk or where there is a driveway across it and the material composing the dividing line is rough and jagged, it is a question of fact whether the condition is defective. It is to be observed that there was no attempt, by edgestone or otherwise, to provide a permanent step or a gradual and reasonably regular ascent, but the concrete, though when constructed perhaps even and continuous at the edge, was left without protection to the natural disintegration, which time and wear might produce in such a material. The case is indistinguishable in principle from *Gallagher* v. *Watertown*, 197 Mass. 467, and *Campbell* v. *Boston*, 189 Mass. 7.

*Exceptions overruled.*