SARAH A. BARRON *vs.* INHABITANTS OF WATERTOWN.

Middlesex.   November 16, 17, 1911. — February 26, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Way,* Public: defect, prescription, damages. *Damages,* In tort.

If a traveller falls and is injured by reason of stepping on the inside edge of a concrete sidewalk of a public way of a town, at a place where such edge is about three inches higher than the surface of the adjoining private land and is ragged, rough and broken off, and this condition has been known for a long time to the officers of the town, a jury, who have taken a view of the premises which have remained unchanged since the time of the accident, can find that the injuries were caused by a defect in the way for which the town was liable.

If the edge of a sidewalk of a public way of a town, which extends one inch beyond the limits of the way, has been wrought and maintained by the town and used by the public as a portion of the travelled part of the way for more than twenty years, the town is bound to keep it in repair.

In an action against a town under R. L. c. 51, § 18, for personal injuries alleged to have been caused by a defect in a public way of the defendant, the plaintiff, if he proves the liability of the defendant, can recover as a part of his damages the amount of a reasonable bill paid by him for medical services required as a direct result of his bodily injury.

TORT under R. L. c. 51, § 18, for injuries sustained by the plaintiff from an alleged defect in a concrete sidewalk alleged to be a part of Mount Auburn Street, a public way of the defendant, while the plaintiff was walking along the sidewalk at about ten o'clock on the evening of February 10, 1910. Writ dated September 16, 1910.

In the Superior Court the case was tried before *McLaughlin, J.* It appeared that the plaintiff stepped on the edge of the concrete, which was about three inches above the gravel surface of the adjoining private land, and fell, breaking her ankle. The chairman of the board of selectmen of the defendant testified that there had been no change whatever in the edge of the sidewalk for a great many years and "that that condition" had "existed for a great many years since the town built that tar concrete walk there." On cross-examination by the plaintiff, he testified that he thought the town first laid a concrete walk there about 1874. Another witness, a former selectmen of the defendant, testified that there had been no change in the sidewalk, that he was forty years old and always had lived in Watertown and that "as far back as he could remember the sidewalk was then there." Another witness, who was forty-two years old and had lived in Watertown all his life, testified, "That as to the edge of the sidewalk being rough and jagged, it is about the same as it has always been, about the way they leave an unfinished concrete sidewalk." The town engineer of the defendant testified that at the place of the accident the inside line of the sidewalk extended beyond the street line about one inch. Other facts are stated in the opinion.

The defendant asked the judge to make the following rulings:

"3. There is no evidence that, at the time of the alleged injury, there was a condition amounting to a defect in the sidewalk for which the defendant can be held liable."

"5. On the whole evidence, the plaintiff is not entitled to maintain this action."

The judge refused to make either of these rulings, and the defendant excepted.

The bill contained the following:

"The defendant also excepted to that portion of the charge which charged, in substance, that the jury would be warranted in finding a verdict for the plaintiff, if they find the conditions as

testified to by the plaintiff's witnesses existed at the time of the accident, which exception was allowed.

"The defendant also excepted to that portion of the charge that instructed the jury, in substance, that if the concrete extended for an inch, or thereabouts, over the street line on to the land of Kelley, and if they should find that the public had used that portion openly and publicly and adversely for twenty years prior to the accident, and should find that the defect in question existed upon that portion of the sidewalk, then the town would be liable to keep that portion in a condition safe and convenient for travellers and was liable for any defect in that portion of the sidewalk.

"The defendant excepted to that portion of the charge that, in substance, instructed the jury that in case they found for the plaintiff, they should include, in any damages they might find she was entitled to, a fair amount for physicians' bills."

The jury returned a verdict for the plaintiff in the sum of $1,100, including the physician's bill, which they found and stated to be $50. The defendant alleged exceptions.

*W. A. Abbott*, for the defendant.

*L. G. Blair*, for the plaintiff.

DeCourcy, J. There was but meagre evidence that the public way at the place of the accident was not reasonably safe for travel; but we cannot say, as matter of law, that there was not sufficient evidence of a defect to be submitted to the jury. Mount Auburn Street in the neighborhood of the accident was apparently a much frequented business thoroughfare. The plan in evidence shows that about one and one half feet beyond the spot where the plaintiff fell the sidewalk turns at a right angle from the street line and runs back a distance of several feet to a store. The path made by a snow-plow overlapped the inner line of the sidewalk near the place of the accident from six to eight inches, thus bringing the edge of the concrete walk well within the path for foot travellers. There was testimony that the sidewalk at the place where the plaintiff fell was very ragged, rough and broken off, and that it appeared like an unfinished concrete sidewalk. This condition presumably was not due to ordinary wear but to water thrown from a spout near by, and to the frequent crossing of the concrete walk by teams going to and from the adjoining stable yard of one Kelley, which was about three inches below the street level. The jury

viewed the premises, which had not been changed since the time of the accident. On the whole we think that the issue of a defect was one for the jury. *Gallagher* v. *Watertown*, 197 Mass. 467. *Howe* v. *Marlborough*, 204 Mass. 26.

The defendant contended that the concrete walk at the place of the accident extended about one inch beyond the limits of the street. But it was undisputed that the portion of the sidewalk where the alleged defect existed had been used by the public and had been wrought and maintained by the town since 1874 as a portion of the travelled part of Mount Auburn Street. Accordingly the town was bound to keep it in repair. *Moran* v. *Palmer*, 162 Mass. 196. *Tilton* v. *Wenham*, 172 Mass. 407. *Bassett* v. *Harwich*, 180 Mass. 585.

That the alleged defect was the cause of the accident is not questioned by the defendant. Whether reasonable supervision by the officers of the town who were charged with the care of the street would have disclosed, and whether reasonable diligence on their part would have remedied, the unsafe condition, as well as the issue of the plaintiff's due care, were all questions of fact upon the evidence. The case was submitted to the jury with instructions that were apt, full and clear, and we discover no èrror therein.

The plaintiff was rightly allowed to recover the amount she paid for medical services. Under our statute creating municipal liability for defects in highways damages are given only for direct injury to the person and to property. *Raymond* v. *Haverhill*, 168 Mass. 382. But when the plaintiff sustained such direct bodily injury she became entitled to compensatory damages, including the expenses reasonably incurred in consequence thereof for medical treatment. *Johnson* v. *Holyoke*, 105 Mass. 80. *Allen* v. *Boston*, 159 Mass. 324. This is not a claim based upon consequential injuries sustained by one person as the result of a direct harm done to another, such as a husband may suffer following an accident to his wife, or a father as the result of an injury to his minor son. See *Harwood* v. *Lowell*, 4 Cush. 310; *Nestor* v. *Fall River*, 183 Mass. 265.

*Exceptions overruled.*