JENNIE McCARTHY *vs.* INHABITANTS OF STONEHAM.

Middlesex. January 11, 1916. — March 2, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Way,* Public: defect. *Negligence,* In use of highway. *Notice.*

At the trial of an action against a town for personal injuries caused by stumbling over a grade stake in a street undergoing repairs, it appeared that the plaintiff had entered and was crossing the street from another street that ran into it at right angles but did not cross it. There was no evidence that the street

was closed to public travel by any vote of the town authorities. There was evidence that there were no barriers or other obstacles warning persons entering the street as the plaintiff did, of whom there were many, that it was closed to public travel; that the grade stake was placed by employees of the defendant in the gutter; that, while the street was rough, it "wasn't so rough," but was passable, and that the accident happened at about a quarter before six o'clock on a very dark night in November. *Held*, that there was evidence warranting findings that the plaintiff was in the exercise of due care, that the street was not closed to public travel and that the defendant had failed in its duty to maintain the street in a reasonably safe condition for travellers.

Under the circumstances stated above it also was *held* that no question arose as to notice to the defendant as to the defect, because the stake was placed in the highway under the direction of the defendant's officials.

Where one, who was injured by a defect in a public way called M Avenue in a town, in his notice to the town under R. L. c. 51, § 20, states that "The place on said M Avenue where my said accident happened was at its junction with C Street," if the evidence at the trial of an action against the town to recover for the injuries tends to show that C Street entered but did not cross M Avenue, and that the plaintiff, entering M Avenue from C Street, crossed it and was injured by stumbling on a grade stake in the gutter on the side of M Avenue farther from C Street, it is proper for the judge to submit to the jury the question whether the notice was inaccurate, and, if it was, whether there was any intention on the part of the plaintiff to mislead the defendant and whether the defendant was misled.

It also was *held* that, in view of the proximity of the stake to the junction of M Avenue and C Street and of the evidence that it was placed there by authority of the defendant, under the circumstances shown a finding of the jury was warranted that the defendant was not misled by any inaccuracy in the notice.

CROSBY, J. This is an action to recover for personal injuries sustained by the plaintiff by reason of an alleged defect in a highway called Montvale Avenue in the town of Stoneham. Montvale Avenue runs in an easterly and westerly direction, and Chestnut Street runs into Montvale Avenue from the south but does not cross it.

The plaintiff testified that on the night of November 4, 1912, she was on the way to her home on Montvale Avenue, that she came down the westerly side of Chestnut Street, and, while crossing Montvale Avenue, she stumbled over an iron pin in the gutter on the northerly side of the street which was about six feet from a catch basin, and fell upon the sidewalk and was injured; that the accident happened about a quarter before six o'clock, and that it was very dark; that when she got up she saw the iron pin that caused her to fall.

There was evidence that at the time of the accident the north

side of Montvale Avenue was undergoing repair and that a portion of the street was dug up, and grade stakes, which consisted of iron pins about two feet long and about one half an inch in diameter, were driven in the gutter throughout the entire length of the portion of the street which was being repaired. The top of these stakes projected from two to three inches above the surface of the ground. The grade stakes were set for the purpose of getting the proper pitch of the road from the car track to the gutter. The evidence was conflicting as to when the stakes were set in the gutter at the place of the accident. The defendant offered evidence to show that they were not put there until two days after the accident. On the other hand, there was evidence from which the jury could have found that they were there at least three weeks before the plaintiff was hurt.

There is nothing in the record to show that the street was closed to public travel by any vote of the town authorities. There was evidence that barriers were placed at different points in the street and that lighted lanterns were maintained at night, but the jury could have found that there were no barriers or other obstacles to indicate to travellers that that portion of the street opposite its junction with Chestnut Street and across which the plaintiff travelled before she fell had been closed to public travel. The defendant's superintendent, who had charge of the work, testified that there were no barriers on Chestnut Street to prevent people from passing from Chestnut Street into Montvale Avenue at any time during the progress of the work. There was also evidence that there was a great deal of travel over Chestnut Street by pedestrians; that it leads to the station of the Boston and Maine Railroad, and that it was necessary to cross Montvale Avenue at some point to reach the station.

The jury * were warranted in finding upon the evidence that

---

* The case was tried before *Quinn*, J. The defendant requested the following rulings of law:

"1. On the evidence and pleadings in this case the plaintiff is not entitled to recover.

"2. There is no evidence that the plaintiff was in the exercise of due care.

"3. There is no evidence that the defendant was negligent.

"4. That the notice does not state the place where the accident occurred, as shown by the evidence, therefore there is a variance between the evidence as to where the accident occurred, and the place stated in the notice.

Montvale Avenue was not closed to public travel at the place where the plaintiff was injured. If so, the defendant was bound to maintain the street in a reasonably safe condition for travellers. *Hurley* v. *Boston,* 202 Mass. 68. *Torphy* v. *Fall River,* 188 Mass. 310.

The question whether, in view of the condition of the surface of the street, known to the plaintiff,* she was in the exercise of due care was for the jury. So, too, whether the iron pin or grade stake constituted a defect in the way was a question of fact for the jury. *Jones* v. *Collins,* 188 Mass. 53. *Adams* v. *Stoneham,* 193 Mass. 597. *Jones* v. *Boston,* 197 Mass. 66. *Gallagher* v. *Watertown,* 197 Mass. 467. The cases of *Martin* v. *Chelsea,* 175 Mass. 516, *Jones* v. *Collins,* 177 Mass. 444, and *Compton* v. *Revere,* 179 Mass. 413, cited by the defendant, are clearly distinguishable from the case at bar.

No question arises as to notice of the defect, if one existed, because, if the iron pin was placed in the highway, it was so placed under the direction of the officials of the defendant engaged in the work of repairing the way.

The defendant contends that there was a variance between the evidence and the notice served by the plaintiff upon the defendant as to the place of the injury. The notice recites that "the place on said Montvale Avenue where my said accident happened was at its junction with Chestnut Street." The evidence was that the place where the plaintiff fell was in the gutter on the north side of the street near a catch basin. The presiding judge properly submitted to the jury the question whether the notice was in fact inaccurate and if it was inaccurate whether there was any intention on the part of the plaintiff to mislead and whether the defendant was or was not in fact misled thereby. The judge cor-

---

"5. That, because of the variance between the evidence and the notice as to the place where the accident occurred, the plaintiff cannot recover."

"7. There is no evidence that the defendant was not misled, therefore your verdict must be for the defendant."

The requests were refused. The jury found for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

* The plaintiff testified in cross-examination "that Montvale Avenue was pretty rough, but it was passable, where she went through, it wasn't so rough; that the general condition of Montvale Avenue next to the concrete sidewalk was very bad; that she couldn't remember that it was all dug up."

rectly instructed the jury that the burden of proof was upon the plaintiff to show that the defendant was not misled. *Tobin* v. *Brimfield,* 182 Mass. 117, 120.

In view of the proximity of the iron pin, over which the plaintiff testified she fell, to the junction of Montvale Avenue and Chestnut Street, and the evidence that it was placed there by authority of the defendant, we are of opinion that the jury were warranted in finding that the defendant was not misled by any inaccuracies in the notice. It follows that the defendant's first, second, third and seventh requests could not properly have been given, and the entry must be

*Exceptions overruled.*

The case was submitted on briefs.

*E. I. Taylor & J. W. Britton,* for the defendant.

*W. J. Corcoran,* for the plaintiff.