ANNIE WILKEY *vs.* CHARLES CETLIN.

Essex.   February 24, 1925. — April 17, 1925.

Present: CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Way*, Public: defect.   *Notice.*

At the trial of an action for personal injuries resulting from the plaintiff's being struck by snow or ice falling from the roof of a building owned by the defendant at 10 Water Street in Newburyport, there was evidence tending to show that the day after the accident a son of the defendant called at the plaintiff's house with a note from one whom the plaintiff had consulted as attorney, and "said his father had sent him," asked the plaintiff "where she was when she was hurt," and was informed by the plaintiff, and also by a witness, that it happened in front of a store which answered the description of that at 10 Water Street; that a notice given by the plaintiff under G. L. c. 84, §§ 18, 21, described the place of the accident as "14 Market Square," and the declaration also so described it; that Market Square and Water Street to the eye of an observer presented a continuous way, No. 10 Water Street being about sixty feet to the east of Market Square, on the same side of the street. The defendant gave the plaintiff no notice under § 20 of the statute that the notice served upon him was insufficient, and made no request for a written notice in compliance with the law.   The trial judge permitted an amendment to the declaration properly describing the place of the accident and refused to order a verdict for the defendant.   *Held*, that

(1) It could not be ruled as matter of law that the defendant was misled by the notice;

(2) It could not be ruled as matter of law that the plaintiff had an intention to mislead the defendant when the inaccurate notice was given to him;

(3) The refusal to order a verdict for the defendant was proper.

TORT for personal injuries resulting from the falling upon the plaintiff of snow or ice from the roof of a building at 10 Water Street in Newburyport owned by the defendant. Writ dated February 18, 1922.

In the Superior Court, the action was tried before *Walsh*, J.

Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $535.50. The defendant alleged exceptions.

The case was submitted on briefs.

*T. S. Herlihy*, for the defendant.

*R. E. Burke & E. E. Crawshaw*, for the plaintiff.

PIERCE, J. On February 2, 1922, the plaintiff received personal injuries from snow and ice which fell from the roof of a building owned by the defendant, at No. 10 Water Street, Newburyport. The defendant also owned, and occupied as a store and dwelling, a building at No. 14 Market Square. Market Square and Water Street to the eye of an observer present a continuous way, No. 10 Water Street being about sixty feet to the east of Market Square, on the same side of the street.

It appeared in evidence that, on the next day after the plaintiff was injured, her daughter consulted with the office of Burke and Crawshaw, Esquires, related the facts of the accident, and "informed the attorneys . . . that her mother had been injured in front of Boxer's furniture store on Water Street;" that on the same day David Cetlin, a son of the defendant, came to the house of the plaintiff with a note from Mr. Burke and "said his father had sent him"; that the son asked the plaintiff "where she was when she was hurt," and was informed by the plaintiff, and also by a witness, that it happened in front of Boxer's furniture store.

Subject to the exception of the defendant, the trial judge received in evidence a notice in the form required by G. L. c. 84, §§ 18, 21, which the plaintiff had delivered to the defendant on February 7, 1922. The notice was inaccurate and insufficient, in that it described the place of injury as being "in front of your building numbered 14 on Market Square in Newburyport." At the trial the plaintiff was allowed to amend her declaration by striking out the figures and words "14" and "Market Square" and substituting therefor the figures and words "10" and "Water Street." At the close of the evidence the judge refused to grant a

motion for a directed verdict, and the case is before this court on the exceptions of the defendant to the refusal of the judge so to rule.

The inaccuracy of the notice as to the place of the accident being undisputed, the question for decision is: Should the judge on the evidence as matter of law have ruled that the plaintiff, by the misstatement as to the place, intended to mislead the defendant, and that the defendant was in fact misled thereby? G. L. c. 84, § 18. The judge could not have so ruled rightly. The evidence warranted the jury in finding that the defendant, through the knowledge of his son, knew on the day next after the accident that the injury was sustained by reason of the fall of snow and ice from the roof of his building at No. 10 Water Street; and, as a conclusion of fact from that finding, warranted a further finding that the defendant was not misled. Nor could he have ruled on the evidence and the inferences properly to be drawn therefrom that the plaintiff had an intention to mislead the defendant when the inaccurate notice was given to him. Assuming the defendant had knowledge that the notice misstated the place of injury, the defence of a want of the statutory required notice was not open to him, because he gave no notice to any person representing the plaintiff that the notice served upon him was insufficient, with a request for a written notice in compliance with law. G. L. c. 84, § 20.

*Exceptions overruled.*