### LIDA BOUDREAU *vs.* CITY OF SPRINGFIELD.

Hampden.   September 23, 1926. — September 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way*, Public: defect.

A verdict for the defendant in an action against a city for injuries alleged to have resulted from a defect in a public way properly was ordered where the evidence showed merely that the plaintiff slipped on a patch of ice formed from water which had filled a saucer shaped "depression" in the surface of a part of the street adjacent to street railway tracks,

not a sidewalk but designed for vehicular traffic, where there was nothing to indicate the size of the alleged "depression" and photographs indicated only a slight depression not amounting to a defect in the street.

TORT for personal injuries alleged to have been caused by a defect in North Main Street in Springfield. Writ dated March 4, 1925.

A verdict was ordered for the defendant by *Callahan*, J. The plaintiff alleged exceptions.

*J. E. Kerigan*, for the plaintiff.

*C. H. Beckwith*, City Solicitor, (*D. M. Macaulay*, Assistant City Solicitor, with him,) for the defendant.

BY THE COURT. This is an action of tort to recover compensation for injuries received by the plaintiff by reason of an alleged defect in a highway. The place where the injury occurred as shown by the evidence was not on a sidewalk but on the part of the way designed for vehicular traffic adjacent to a rail of street railway tracks. There is no evidence of a breach of the statutory duty of the defendant. The plaintiff's evidence as to the alleged defect was that "she slipped on a patch of ice formed from water which had filled a saucer-shaped depression in the surface of the street." Another witness described the place as a "hole in the pavement." There is nothing to indicate the size of the alleged "depression" or "hole." The photographs of the plaintiff indicate a slight depression not amounting to a defect in the street. On the authority of *Raymond* v. *Lowell*, 6 Cush. 524, *Newton* v. *Worcester*, 174 Mass. 181, and *Cannon* v. *Brookline*, 256 Mass. 468, the plaintiff cannot recover. In view of the ground on which this decision rests, the other points argued need not be considered.

*Exceptions overruled.*