## EDITH MESSNER vs. CITY OF SPRINGFIELD.

Hampden.    September 22, 1927. — October 17, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Way*, Public: defect, notice.  *Notice.*  *Evidence*, Presumptions and burden of proof.

At the trial of an action by a woman against a city for personal injuries due to an alleged defect in a sidewalk, it appeared that at the place of the alleged injury there was a slight slant in the sidewalk, which was of cement construction; that the curbing at the corner of a driveway "had sunken about four inches below the sidewalk"; that there were cracks in the sidewalk, and snow and ice were upon it.   There was evidence of a hole, one and a half inches deep at one end, three inches wide and nine inches long, with a sharp edge to it, two inches from a curbstone at a point where it joined a rounded curbstone bordering one side of the driveway; that the plaintiff stepped into the hole, her heel became imbedded in it, she twisted her ankle and fell.   There was a verdict for the plaintiff.   *Held*, that

(1) Findings were warranted that the sidewalk was not reasonably safe, and that the hole described in the evidence was a defect which could have been remedied by reasonable care and diligence upon the part of the city and for which the defendant was responsible;

(2) A motion for a verdict for the defendant properly was denied.

In the action above described, a notice was given to the city by the plaintiff five days after the injury which described the place of the injury as "the northerly side of the street" and at a point on said street about in the center of a driveway into certain premises and near premises of a certain number.   The evidence showed a defect between a rounded curbstone at the side of the driveway and the curbstone adjoining it away from the driveway.   There was evidence that two days after receiving the notice a photographer for the city visited the scene of the accident with a police officer, who directed his attention to the curbstone "where it had 'sunk down in,'" to the general location, to the holes in the sidewalk (at the point where the plaintiff said she fell), and to "spots shown on the picture," and that he and the officer observed the depressions in the walk at the point where the plaintiff testified at the trial that she fell; and the photographer testified without objection that the officer said "it was a bad place."   No specific requests for rulings were asked for, and no exceptions were taken to the charge of the presiding judge. The defendant admitted that there was no intention on the plaintiff's part to mislead the defendant, but contended that the notice describing the place of the injury was inaccurate.   *Held*, that

(1) The notice did not attempt to locate the precise point where the plaintiff fell;

(2) While the burden was upon the plaintiff to show that the defendant was not misled by the notice, it could not rightly be ruled as matter of law that the plaintiff failed to sustain this burden.

Tort, for injuries alleged in the declaration to have been caused by a defect in the sidewalk on the northerly side of Sanford Street, in Springfield "at a point in said sidewalk near the driveway going into the premises occupied by A. C. Hunt & Co., and near the premises numbered 34 Sanford Street, about a foot or more to the west of a point formed by the intersection of the projected westerly wall of the premises at 34 Sanford Street and the rounded granite block which forms the easterly curbing of the aforesaid Hunt's driveway." Writ dated June 12, 1926.

In the Superior Court, the action was tried before *Burns*, J. Material evidence is stated in the opinion. The judge denied a motion for a verdict for the defendant. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*C. H. Beckwith*, City Solicitor, (*D. M. Macaulay*, Assistant City Solicitor, with him,) for the defendant.

*J. F. Egan*, for the plaintiff.

Carroll, J. The plaintiff was injured by falling on the sidewalk near the premises numbered 34 Sanford Street, a public highway in Springfield, on December 16, 1925. The evidence showed there was a hole in the sidewalk an inch and one half deep at one end, three inches wide and nine inches long, with "a sharp edge to it"; that the plaintiff stepped into this hole which caused her "to twist her ankle and fall." She testified: it felt as "if my [right] heel was imprisoned in it, [the hole], that I couldn't get it out when I wanted to step forward"; that "her heel . . . became imbedded in the hole." It appeared that there was a slight slant in the sidewalk, which was of cement construction; that the curbing at the corner of the driveway "had sunken about four inches below the sidewalk"; that there were cracks in the sidewalk, and snow and ice were upon it at the time in question. The defendant's motion for a directed verdict was denied. The jury found for the plaintiff.

The defendant contends that a verdict should have been directed because it was not shown there was a defect for which the defendant was liable under the statute. It could have been found by the jury that the sidewalk was not reasonably safe; that the hole described in the evidence and shown on the photographs was a defect which could have been remedied by reasonable care and diligence on the part of the city and for which the defendant was responsible. *Marvin* v. *New Bedford,* 158 Mass. 464. The case is not governed by *Cannon* v. *Brookline,* 256 Mass. 468, *Boudreau* v. *Springfield,* 257 Mass. 105, and similar cases. It comes within the principle stated in *Marvin* v. *New Bedford, supra, Gallagher* v. *Watertown,* 197 Mass. 467, *Howe* v. *Marlborough,* 204 Mass. 26, *Barron* v. *Watertown,* 211 Mass. 46, and *McCarthy* v. *Stoneham,* 223 Mass. 173.

The defendant also contends that the notice describing the place of the injury was inaccurate. The notice was given December 21, and described the place of the injury as "the northerly side of Sanford street, in said city, and at a point on said street, about in the center of a driveway into the premises of the A. C. Hunt & Co., and near the premises numbered 34 Sanford street." The plaintiff testified that the hole into which she stepped was in the sidewalk "two inches northerly from the straight northerly curbstone of Sanford street . . . at a point where the rounded granite driveway curbstone . . . joined the straight northerly curbstone of Sanford street at the easterly end of the A. C. Hunt Company's driveway." The notice informed the defendant that the plaintiff fell on the sidewalk about in the center of a driveway into the premises of the A. C. Hunt & Co. and near the premises numbered 34 Sanford Street. The notice did not attempt to locate the precise point where the plaintiff fell. By the description that the place of the injury was about in the center of the driveway it informed the defendant that the location given was an estimate and not set out with exactness. It specifically directed the attention of the city to the uneven portions of the sidewalk, its improper slant, and the holes therein. The plaintiff was injured on December 16. On December 23, a photographer employed by the city, in

company with a police officer detailed to assist the law department in the investigation of cases, visited the scene of the accident. The photographer admitted that his attention was directed by the police officer to the curbstone "where it had 'sunk down in'," to the general location, to the holes in the sidewalk (at the point where the plaintiff said she fell), and to "spots shown on the picture." He testified that he and the police officer observed the "depressions in the walk at the point where the plaintiff said she fell"; and he further testified, without objection, that the officer said it "was a bad place."

The defendant admitted there was no intention to mislead the city. No specific requests for rulings were asked for, and no exceptions were taken to the charge of the presiding judge. We must assume that the jury were fully and accurately instructed on the question whether the defendant was in fact misled by the notice. The burden was upon the plaintiff to show that the defendant was not misled. Without reviewing the evidence in detail, but taking into account all the facts disclosed and the inferences to be drawn therefrom, it could not be rightly ruled as matter of law that the plaintiff failed to sustain this burden. A jury could have found that the city was not in fact misled by the language used in describing the place of the injury. *Hughes* v. *Lawrence,* 160 Mass. 474. *McCarthy* v. *Stoneham, supra.* *Naze* v. *Hudson,* 250 Mass. 368, 370. *Wilkey* v. *Cetlin,* 252 Mass. 152.

*Exceptions overruled.*