## MAY A. WITHAM *vs.* CITY OF BOSTON.

Middlesex.   December 8, 1927. — January 11, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Way*, Public: defect, snow and ice.   *Snow and Ice.   Evidence*, Presumptions and burden of proof.

Where, at the trial of an action against a city under G. L. c. 84, § 15, there is evidence that the plaintiff fell on a sidewalk on a public way "right on" a water plate; that her foot struck the plate, causing the fall; that the plate was not in the same level with the walk; that there was a depression, hole or slope in the sidewalk adjoining the water plate where the plaintiff was walking, which began some distance away and became deeper as it approached the plate; and that the plaintiff "was on the slope when she fell," the questions, whether there was a defect in the way, and whether the defect caused the plaintiff's injury, were for the jury.

The presence of ice at the place where the plaintiff fell in the circumstances above described would not prevent her recovering in the action unless the ice was the sole cause of her injury.

TORT under G. L. c. 84, § 15, for personal injuries alleged to have resulted from a fall caused by a defect in the sidewalk on Endicott Street in Boston.   Writ dated March 23, 1925.

In the Superior Court, the action was tried before *Brown*, J. Material evidence is stated in the opinion.   At the close of the evidence, the judge submitted the case to the jury, who found for the plaintiff in the sum of $2,500.   The judge then, by agreement of the parties, ordered the entry of a verdict for the defendant and reported the action to this court "with the stipulation that if the directed verdict was correct, judgment shall be entered for the defendant, but if the directed verdict was wrong judgment shall be entered for the plaintiff in the amount of the verdict returned by the jury for the plaintiff."

*G. K. Gardner*, (*M. F. Hall* with him,) for the plaintiff.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant.

CARROLL, J. The plaintiff was injured by falling on the sidewalk of a public way. Due notice of the time, place and cause of the accident was given. There was evidence that in the brick sidewalk there was an iron water plate "a little to one side of the middle of the sidewalk"; that at the place where the plaintiff fell the sidewalk was wet and "sloping down"; that the "sloping place went down to this . . . plate"; that the sidewalk was covered with ice and water and she was on the slope when she fell. One of the plaintiff's companions testified that she was about three feet in front of the plaintiff; that "she heard a dull thud and on turning saw the plaintiff on her hands and knees . . . on the iron plate"; that the metal plate was about "two feet and a half in length and a foot and a half wide"; that around this plate there was a deep depression as if the bricks had sunk; that the depression was two inches deep at the deepest point, and "the plate stuck up from this depression." Another witness testified that "the plate would sink and the bricks would come out"; that "there was a sloping down to this plate and . . . the bricks around it were uneven"; that "within a couple of months prior to the accident he spoke to a police officer about the condition." There was further evidence, from one who saw the plaintiff "right after she fell on the spot where she had fallen and she was at that time right on the water plate," that the sidewalk "was right deep on one side where the cover plate was; that the sidewalk was down; that the iron cover was right down deep about two to two and a half inches down below the sidewalk, below the bricks; that when you got a foot or two from his doorway the condition was that the space wasn't straight, it was right down deep from two to two and a half inches."

It was for the jury to say whether the way was defective. It could have been found that the sidewalk at the place in question was not reasonably safe for ordinary travel. *Marvin v. New Bedford*, 158 Mass. 464, and cases cited. *Messner v. Springfield*, 261 Mass. 142.

The presence of ice at the point where the plaintiff fell did not prevent a recovery unless the ice was the sole cause of her injury. If there was a defect in the sidewalk which caused the plaintiff to fall and to which her accident was in part attributable, there may be a liability, although the ice may have contributed in part. *Newton* v. *Worcester*, 174 Mass. 181. *Naze* v. *Hudson*, 250 Mass. 368. *Murphy* v. *Somerville*, 253 Mass. 544.

It was necessary for the plaintiff to show that she was injured because of the defect in the sidewalk. The defendant has argued that there is no evidence to show that the plaintiff's injury was caused by a defect; that the cause of her injury was conjectural. There was evidence, which the jury could believe, that the water plate was higher by two inches than the depression, or that it was from two to two and one half inches below the sidewalk. It could have been found that this plate was a defect for which the defendant was liable; that the plaintiff's foot struck the water plate causing the fall. Such a finding is supported by the testimony of one of the witnesses to the effect that he saw the plaintiff "on the spot where she had fallen and she was at that time right on the water plate." In addition to this there was evidence that there was a depression, hole or slope in the sidewalk adjoining the water plate where the plaintiff was walking, which began some distance away and became deeper as it approached the plate. The plaintiff testified she "was on the slope when she fell." It was for the jury to say whether this depression adjoining the water plate constituted a defect. *Messner* v. *Springfield*, *supra*, and cases cited. If they found it to be a defect they could have found that it was the cause of the plaintiff's injury.

As there was evidence with the proper inferences to be drawn from it that the way was defective and the plaintiff's injury was attributable to the defect, according to the terms of the report judgment is to be entered for the plaintiff in the sum of $2,500.

*So ordered.*