## Laura Cataldo *vs.* City of Boston.

Suffolk. March 30, 1928. — April 4, 1928.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Way*, Public: defect. *Snow and Ice.*

A verdict rightly was ordered for the defendant at the trial of an action of tort against a city by a traveller upon a public way, on evidence that the plaintiff fell on a wooden bulkhead forming part of the sidewalk; that there was some, but not very much, snow on the bulkhead; that the plaintiff stepped on some planks that were not level and tripped on one which was higher than the others; that one plank sagged a bit and his foot caught; and that he did not notice the condition of the bulkhead after his fall, nor know what caused him to fall. Following *Boudreau* v. *Springfield*, 257 Mass. 105, and distinguishing *Naze* v. *Hudson*, 250 Mass. 368.

Tort for personal injuries. Writ dated June 12, 1925.

In the Superior Court, the action was tried before *Whiting*, J. It was agreed that the street where the plaintiff fell was a public way, and that proper statutory notice of the time, place and cause of the accident was given to the defendant. The judge ordered a verdict for the defendant and the plaintiff alleged an exception.

The case was submitted on briefs.

*E. Masters*, for the plaintiff.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant.

By the Court. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff in January, 1925.

The evidence in its aspect most favorable to the plaintiff tended to show that on the day in question the sidewalks of the city were covered with snow and ice; that while traveling on a public way she fell on a wooden bulkhead, on which was "some snow, but not very much," and which formed a part of the sidewalk; that she "stepped on some planks that were not level; that she tripped on one of them that was higher than the other; and that one sagged a bit; her foot caught

. . . that she did not notice the condition of the bulkhead after she fell; that she did not know what caused her to fall."

Verdict was rightly directed for the defendant. *Boudreau* v. *Springfield*, 257 Mass. 105, and cases there collected. The case is distinguishable from *Naze* v. *Hudson*, 250. Mass. 368.

*Exceptions overruled.*