MARIA TAVANO vs. CITY OF WORCESTER.

Worcester.    September 25, 1933. — September 10, 1934.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Way*, Public: defect.

The report of an auditor, to whom was referred, under a rule which provided that his findings of fact should be final, an action of tort against a city for personal injuries sustained when the plaintiff fell upon a wooden loading platform in the control of the city, sixty feet long and seven feet wide, located in a public way for use by persons boarding or alighting from street cars, included a finding for the plaintiff and set forth, as "defects in the platform capable of causing the plaintiff's injury," nails which protruded, but with no statement as to how far they protruded; water-soaked and slippery boards, and difference in level of adjacent boards varying from nothing to one inch and in one instance two inches. There also was a finding that "otherwise, in a general way, the platform was in good repair." There was no finding as to the precise place on.the platform where the plaintiff fell or as to the location or identity of the defects with reference to the place where the plaintiff fell or the condition of the platform there, or whether the plaintiff slipped or tripped. There was a finding that "either the slipperiness of the boards or the irregularities of the surface, or the presence of some protruding nails interfered with the plaintiff's walking and caused her to fall," but no specific finding of the cause of the fall. A judge of the Superior Court, who heard the action upon the auditor's report, ordered judgment for the defendant. *Held*, that

(1) Even if it be assumed that a defect which caused the plaintiff's injury was found to exist, a finding was not warranted, on the facts reported, that it was of such a character that by the exercise of proper care and diligence the defendant would have known of it and should have remedied it;

(2) The judgment properly was ordered.

TORT for personal injuries resulting from a fall alleged to have been caused by a defect in a public way. Writ dated March 28, 1932.

In the Superior Court, the action was heard by *Whiting*, J., upon the auditor's report described in the opinion. Judgment for the defendant was ordered. The plaintiff appealed.

*F. P. McKeon*, (*N. Fusaro* with him,) for the plaintiff.

*W. D. Allen*, City Solicitor, for the defendant.

DONAHUE, J.    The plaintiff fell while rightfully on a
wooden loading platform located in a public street and
used by persons boarding or alighting from street cars.
A judge of the Superior Court, who heard the case on the
report of an auditor, made under a rule which provided
that the auditor's findings of fact should be final, ordered
judgment for the defendant on the report.    The plaintiff
appealed from that order.    It was agreed by the parties
that the defendant had the duty of maintaining the plat-
form in a reasonably safe condition for travellers and that
proper notice of the alleged defect was given to the de-
fendant.

The auditor did not find, and apparently on the evidence
was unable to find, the precise place on the platform where
the plaintiff fell.    The platform was sixty feet long and
seven feet wide.    The auditor found that it showed signs
of wear, that there were some nails protruding above the
surface, the extent of the projection not being found, that
the surface of the boards was water-soaked and slippery,
that in several instances one board was raised above an
adjacent board, the difference in the level of adjacent
boards sometimes varying from zero to one inch and in
one instance amounting to two inches.    The location of
these described conditions on the platform was not in the
report identified with reference to the spot where the plain-
tiff fell.    The auditor found that "these were defects in the
platform capable of causing the plaintiff's injury" and that
"Otherwise, in a general way, the platform was in good
repair."    There is no finding which purports to describe
the actual condition of the platform at the point where
the plaintiff fell.    It does not appear whether the plaintiff
tripped or slipped.    The cause of the fall was not specifi-
cally found.    As to this the only finding is that "either
the slipperiness of the boards or the irregularities of the
surface, or the presence of some protruding nails interfered
with the plaintiff's walking and caused her to fall."    This
is not a finding that the three conditions stated or any two
of them in combination or any particular one of them
caused the plaintiff's injury;    it merely expresses the con-

clusion that one of those conditions, which one the auditor was unable to determine, caused the fall of the plaintiff.

The auditor found for the plaintiff and assessed her damages. He did not specifically find that all or any of the three conditions, one of which caused her fall, amounted to defects. If we assume that he made such a finding by reason of the general finding for the plaintiff and his finding that the conditions recited in his general description of the platform were "defects . . . capable of causing the plaintiff's injury," still the plaintiff cannot recover. The city was under no obligation to furnish a perfect platform and fulfilled its statutory duty if the platform was reasonably safe and convenient for travel. The mere existence of a defect in a highway which is capable of causing injury to a traveller does not impose liability upon a city. Such liability is not established in a case founded on the highway statute unless it is proven that a defect existed which caused injury to the plaintiff (*Kingsbury* v. *Dedham*, 13 Allen, 186, 190; *Witham* v. *Boston*, 262 Mass. 291), and unless it is also proven that the defect was of such a character that by the exercise of the required care and diligence the city would have known of the defect and should have remedied it. G. L. (Ter. Ed.) c. 84, § 15. *Stone* v. *Boston*, 280 Mass. 31, 34. If we should assume that there was in the platform at the place where the plaintiff fell a defect capable of causing injury to her and that such defect did in fact cause her injury, the facts found by the auditor do not warrant a finding for the plaintiff.

If it should be assumed that the plaintiff fell because she tripped over a board in the platform which was higher than an adjacent board, or over a protruding nail, there is nothing in the auditor's report to indicate the extent of any such projection so that it could be determined whether the character of the defect was such as to make the city liable under the statute. So far as regards a difference in level of adjacent boards, for all the report shows, it might have amounted only to so small a fraction of an inch that it could not be found to be such a defect as would furnish the basis for holding the city liable. There is no finding at all

as to the extent to which any nail protruded (see *Boudreau v. Springfield*, 257 Mass. 105; *Cataldo* v. *Boston*, 263 Mass. 330). The surface of the platform generally was water-soaked and slippery as the result of rain. The use of wood as the material of which the platform was constructed cannot be held unsafe or unreasonable even though some slipperiness following rainfalls is an incident to such use. See *Cannon* v. *Brookline*, 256 Mass. 468. The construction of the platform was not such as to collect water at any one place. There was no finding as to when the rain fell which resulted in a slippery surface on the platform, nor that there was any other condition at the spot where the plaintiff slipped, if she did slip, which contributed with the rain to cause slipperiness. The mere fact that the surface of the platform had become slippery through rain, in the circumstances here appearing, does not warrant the finding that a defect thereby existed which was of such a character as to make the defendant liable. *Spillane* v. *Fitchburg*, 177 Mass. 87. *Newton* v. *Worcester*, 174 Mass. 181. *Stanton* v. *Springfield*, 12 Allen, 566. Compare *Cromarty* v. *Boston*, 127 Mass. 329; *Kelleher* v. *Newburyport*, 227 Mass. 462.

*Order for judgment affirmed.*