No. 2957          Northern          Middlesex, ss.
BERN                                    (Milton Band)
v. CITY OF NEWTON          (Bartlett, Jennings & Bartlett)

From the District Court of Newton—Weston, J.
Argued June 16, 1941—Opinion Filed July 28, 1941

HENCHEY, J. (Jones, P.J., & Wilson, J.)—In this action the plaintiff seeks to recover for personal injuries and damage to his automobile because of a defect in Hammond Street, a public highway in the City of Newton, of which defect, it is alleged, the City of Newton had actual and constructive notice.

The trial judge found for the defendant and the case comes before us on the plaintiff's claim of aggrievement because of the finding and rulings of the trial judge.

The trial judge made a detailed finding of facts (in substance, as in the case above related). He found that the leaking gas main constituted a dangerous condition, that there was an emergency created and it was necessary to repair the leak at once, and that it was impossible for the gas company to get a permit from the defendant city because the City Hall offices were closed. He further found that the hole was there in the street for only a few hours, that the city had no knowledge of the defect until ten minutes before the accident, and that the city had the hole guarded within forty minutes from the time it was discovered. The court then went on to say: "I therefore find that the defendant was not negligent and I find for the defendant."

The only question before us is the correctness of the trial

judge's rulings in denying four of the plaintiff's requests. These requests were as follows:

1. Upon all the facts and law the court should find for the plaintiff.

2. There was evidence to warrant a finding for the plaintiff.

3. There was insufficient evidence to warrant a finding for the defendant.

4. A city is primarily liable for a defect in a highway which may be occasioned by the careless, negligent or unskillful conduct of some third person.

The court refused to grant the first three requests "because I find the defendant was not negligent," and the fourth request because "in order to make the city liable for a defect in the highway, the city must have had notice of the defect or by the exercise of reasonable care should have discovered the defect."

We immediately dispose of the third request as raising no question of law. It requires no citation of authorities to establish the principle that the burden of proving the defendant's liability is upon the plaintiff who asserts it. The evidence either warrants a finding for the plaintiff or it does not. The plaintiff must rise or fall on the strength of the evidence offered in his favor and not upon the weakness of the defendant's case.

It is the plaintiff's contention that the defendant's liability in the instant case is established by G. L. c. 84, s. 15. That section provides, in substance, that if a person is injured or his property damaged by reason of a defect or a want of repair in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair might have been remedied by reasonable care and diligence on the part of the city, he may recover damages from the city if it had, or by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair. If the plaintiff meets the requirements of the statute, he can recover. There was no doubt but that the plaintiff was injured because of a defect in a way. However, that is not enough to establish liability. The defect must be one which might have been remedied by reasonable care and diligence and the city must have had or by the exercise of proper care and diligence should have had reasonable notice of the defect. Without such there can be no liability. *Gregoire* v. *City of Lowell,* 253 Mass. 119; *Tavano* v. *City of Worcester,* 287 Mass. 420; *Adams* v. *Town of Bolton,* 297 Mass. 459. Whether the defect was in existence long enough for the city by the exercise of proper care and diligence to have reasonable notice of it and for the defect to have been remedied by reasonable care and diligence on the city's part presented questions of fact. *Saunders* v. *City of Bedford,* 304 Mass. 464.

In the instant case the trial judge has found that the de-

fendant city was not negligent because it had no notice of the defect until ten minutes before the accident and that the city had placed guards about the defect within forty minutes after its discovery. It cannot be said that this finding was unreasonable or unwarranted upon the evidence. In such case the finding must stand. *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465.

Upon this view of the case, the trial judge was not in error in refusing to grant the plaintiff's first and third requests. The plaintiff's second request was proper. Let us assume for the moment that it should have been granted. In view of the findings of the trial judge, no harm has been done the plaintiff by its refusal, therefore there is no reversible error. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455.

The report is to be dismissed.