HELEN KHOURI *vs.* ABDO PETERS.   November 9, 1944.   Exceptions overruled.   This is an action of tort to recover compensation for personal injuries sustained upon the defendant's premises.   There was a verdict for the plaintiff.   The defendant excepted to the denial of a motion for a directed verdict, and to the refusal to give certain requested instructions.   There was no error. The evidence warranted a finding that the plaintiff was a business visitor, and that the defendant failed to use reasonable care to keep the premises reasonably safe for the plaintiff's use.   The requests for instructions were denied rightly.   The cases relied upon by the defendant are distinguishable. See *Goldthwait* v. *East Bridgewater,* 5 Gray, 61, 64;   *Cannon* v. *Brookline,* 256 Mass. 468, 470;   *Boudreau* v. *Springfield,* 257 Mass. 105;   *Rowett* v. *North Adams,* 288 Mass. 50.

*J. E. Levine,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

ARCHIBALD G. PIKE, executor, *vs.* METROPOLITAN FINANCE CORPORATION. November 10, 1944.   Decree affirmed.   This is an appeal from a decree of a Probate Court allowing with modifications the first account of Archibald G. Pike, executor of the will of Charles M. Blood, deceased.   The evidence is not reported.   There is a report by the judge of the material facts found by him. The items in the account that are in dispute are items relating to the management and sale of real estate.   See G. L. (Ter. Ed.) c. 206, § 8.   Upon facts found by the judge — which need not be recited — there was no error in the allowance of the account.

*M. Rosenthal,* for the respondent.

*W. M. Brady,* for the petitioner.

HARRY L. FRENCH *vs.* ALICE M. KENDALL.   November 10; 1944.   Order denying jury issues affirmed.   This is an appeal from an order of the Probate Court in the matter of the alleged will of Phoebe A. Farnsworth, late of Waltham, deceased, denying a motion of the contestant for the framing of issues for trial by jury.   The argument is now directed to the issue of undue influence.   Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — including recognition of the element of discretion vested in the probate judge, we conclude that there was no error in the denial of this motion.   See *Hannon* v. *Gorman,* 296 Mass. 437.

*W. F. A. Graham,* for the respondent.

*J. J. Flynn,* (*J. H. Devine* with him,) for the petitioner.