OSCAR L. MILMORE *vs.* SAMUEL LANDAU.

Suffolk.     October 8, 1940. — December 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Landlord and Tenant*, Existence of relation.

A finding for the defendant in an action upon an oral agreement for occupation of restaurant premises at a stated rental was not required where there was evidence that, although the fixtures had been sold by a bankruptcy receiver to another than the defendant, the defendant, who had been in occupancy as operating agent for the receiver, continued to operate the restaurant on his own behalf after being told by the owner that he could remain in possession at a stated *per diem* rental.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 6, 1937.

The action was heard by *Duff*, J., who found for the plain-

tiff in the sum of $180. The report to the Appellate Division stated that it contained "all the evidence material to the questions reported." The subject of the alleged tenancy was restaurant property. The broker referred to in the opinion testified that "some time subsequent to" March 15, 1937, "she was near the premises . . . and saw the place illuminated and a chicken cooking on the rotisserie and saw people going in and coming out of the restaurant." No testimony of the defendant was reported and there was no express evidence as to when he ceased to occupy the premises. The "*per diem*" basis referred to in the opinion was to be at the rate of $225 per month.

*C. W. Spencer*, (*P. D. Turner* with him,) for the defendant.

*W. L. Pullen*, for the plaintiff, submitted a brief.

Cox, J. The defendant appealed from the order of the Appellate Division of the Municipal Court of the City of Boston dismissing the report of the trial judge, who found for the plaintiff on his declaration alleging an oral agreement with the defendant for the occupation of certain premises at a rental. There was also a count in the declaration on an account annexed for the same cause of action. The only questions arise from the denial of the following requests for rulings: "1. It is ruled as matter of law that the evidence requires a finding for the defendant. . . . 2. The evidence does not warrant a finding that the defendant became a tenant of the plaintiff."

There was no error in the denial of the first request. It is unnecessary to consider whether it comes within the purview of Rule 28 of the Municipal Court of the City of Boston (1932) requiring specifications. The ruling of the trial judge was reviewed by the Appellate Division and is before this court on this appeal. *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. See *Pannella* v. *Reilly*, 304 Mass. 172, 173. See generally as to the form and significance of the request *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94, 95, and cases cited. If upon the evidence a finding for the plaintiff was permissible, there was no error in the denial of this request. See *New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13, 16.

In order for the plaintiff to recover, something in the nature of a demise must be shown or some evidence given to establish the relation of landlord and tenant, and this as a result of a contract, express or implied. The contract need not be technically formal, but occupation by the tenant, with the assent of the landlord, is indispensable to the maintenance of the action, *Central Mills Co.* v. *Hart*, 124 Mass. 123; see *Gaertner* v. *Donnelly*, 296 Mass. 260, 261, and this occupation may be either actual or constructive. *Rogers* v. *Coy*, 164 Mass. 391, 392. *Mathews* v. *Carlton*, 189 Mass. 285, 287.

From the evidence reported it could have been found that in February, 1937, the premises in question were occupied by the receiver of a bankrupt and that the defendant was in possession as operating agent for the receiver. At a conference on March 15, 1937, at which the broker, with whom the defendant had previously talked about obtaining a lease of the premises, was present, together with the plaintiff and his attorney, the defendant said that he had bought the fixtures that had been owned by the bankrupt and that he wanted the premises that had been occupied by him. The "defendant was told" that he could not have a lease and was asked how long it would take to get out, and he said that he would require two weeks. He was also told that he could occupy the premises on a *per diem* basis, and that he must be out within a month. He said that he would pay for the time he was in occupation; that he would pay the rent and the water liens and to send him a bill. A "record relating to the property" in question was produced in evidence and showed a charge to the bankrupt on a monthly basis up to February, 1937, a charge against the "receivers" from February, 1937, to March 15, 1937, and a further charge to the defendant for the period from March 15, 1937, to April 8, 1937. Bills were sent to the defendant by the broker, and no rent has been paid. A bill of sale was in evidence dated March 15, 1937, from the receivers purporting to convey the fixtures of the bankrupt to one Mitchell.

No objections appear to have been made to any of the

evidence that was introduced, and in the circumstances it was entitled to its probative force and effect. See *Cummings* v. *National Shawmut Bank of Boston,* 284 Mass. 563, 568, and cases cited.

It is true that as to some important matters there is no direct testimony, but it cannot quite be said that the evidence and the permissible inferences therefrom prevented any finding for the plaintiff. See *P. P. Emory Manuf. Co.* v. *Rood,* 182 Mass. 166, 167. Compare *Leonard* v. *Kingman,* 136 Mass. 123; *Bacon* v. *Parker,* 137 Mass. 309, 312. See *Niles* v. *Adams,* 208 Mass. 100; *Auringer* v. *Cochrane,* 225 Mass. 273, 275; *Milliken* v. *Warwick,* 306 Mass. 192, 196; *New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13, 16.

What has been said disposes also of the second request. Compare *Williams* v. *Seder,* 306 Mass. 134, 137–138.

*Order dismissing report affirmed.*