SARAH M. HOFFMAN *vs.* CITY OF CHELSEA.

Suffolk. · November 9, 1943. — November 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal. *Way,* Public: defect. *Error,* Whether error harmful.

Liability of a municipality to a traveller under G. L. (Ter. Ed.) c. 84, § 15, would not be established by findings merely that a hole in a highway was a defect which caused the traveller to fall, without any finding that by reasonable care and diligence the municipality ought to have learned of the defect and remedied it.

Error prejudicial to the defendant in an action heard without jury was shown by the denial of his request for a ruling that the evidence warranted a finding in his favor, where the evidence did warrant such a finding and the judge made a general finding for the plaintiff and special findings which did not preclude a general finding for the defendant: the requested ruling was not shown to have been rendered immaterial by the special findings.

· TORT. Writ in the District Court of Chelsea dated November 15, 1941.

The action was heard by *Walsworth,* J.

*J. Israelite,* City Solicitor, for the defendant.

*M. R. Taymore,* for the plaintiff.

FIELD, C.J. This action of tort was brought against the city of Chelsea in a District Court to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of her falling, on or about September 6, 1941, in a depression in a public highway in said city. The trial judge found for the plaintiff. The defendant made six requests for rulings, five of which were denied by the judge, who gave as a reason for such denial, "Because I find on the evidence that the hole was a defect and that the plaintiff was in the exercise of due care." The general finding for

the plaintiff was in these terms: "In the above action I find for the plaintiff in the sum of $743, which includes medical expenses, no further action to be brought. See note below." The "note" was as follows: "The plaintiff fell September 6, 1941, and she has suffered more or less since, but I cannot charge all of this to the defendant where she has been acting without medical advice from October, 1941, to June, 1942. Her own specialist says she can be cured in two months and his description of the cause of the present injury does not conform to her own description of her fall, and he says that the best he can say is: that the condition is at least a month old." A report to the Appellate Division was dismissed and the defendant appealed to this court.

The defendant now contends only that there was error in the denial of its first and sixth requests for rulings.

1. The defendant's first request was for a ruling that "there is evidence to warrant a finding for the defendant." It is unnecessary to consider whether this request was within the provisions of Rule 27 of the District Courts (1940) requiring specifications if a party is to be entitled to review as a matter of right. The ruling of the judge was reviewed by the Appellate Division and is before us on this appeal. *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. *Milmore* v. *Landau*, 307 Mass. 589, 590. *Rummel* v. *Peters*, 314 Mass. 504.

The first requested ruling, if made, would have been in effect a ruling that the evidence did not as matter of law require a finding for the plaintiff. This requested ruling was pertinent to the case. And clearly the ruling would have been right on the evidence. The evidence warranted a finding for the defendant. The judge could have disbelieved the evidence essential to support a finding for the plaintiff. There was no evidence binding on the defendant that required a finding for the plaintiff. On the other hand, the denial of the request for such a ruling — unless such a ruling were rendered immaterial by a special finding or special findings of fact — was equivalent to a ruling as matter of law that on the evidence a finding for the defendant could not have been made, or, in other words, that as matter of law the evidence required a finding for the plaintiff. See

*Bresnick* v. *Heath,* 292 Mass. 293, 298; *Rummel* v. *Peters,* 314 Mass. 504, 517. Such a ruling could not rightly have been made, since, as already pointed out, the evidence warranted a finding for the defendant. And such a ruling was not harmless error. The denial of the defendant's first request for a ruling cannot be justified unless on the ground, hereinafter considered, that the ruling requested was rendered immaterial by a special finding or special findings of fact. The defendant was entitled to the ruling requested or to a statement of findings of fact showing that the ruling had become immaterial. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Perry* v. *Hanover,* 314 Mass. 167, 173–176, and cases cited. *Rummel* v. *Peters,* 314 Mass. 504, 517–518.

In cases where, as in the present case, the burden of proof is upon the plaintiff, and the evidence is largely oral, as has frequently been pointed out, it can rarely be ruled as matter of law that the plaintiff is entitled to recover. *Evans* v. *County of Middlesex,* 209 Mass. 474, 480. *Coleman* v. *New York, New Haven & Hartford Railroad,* 215 Mass. 45, 47. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, and cases cited. *Eddy* v. *Johnston,* 250 Mass. 299, 301. *Donahue* v. *Leventhal,* 302 Mass. 393, 395. *Purdie* v. *Roche,* 304 Mass. 647, 649. *Zawacki* v. *Finn,* 307 Mass. 86, 88. Yet a denial of such a request by a defendant as is here in question in proper form, not rendered immaterial by a special finding or special findings of fact, is in effect a ruling as matter of law that the plaintiff is entitled to recover. Only in an unusual case — the most conspicuous example of such a case being a case in which the testimony of the defendant by which he is bound requires a finding for the plaintiff — would it be legal error to rule that the evidence warranted a finding for the defendant. And such a ruling would not be inconsistent with a finding for the plaintiff. Moreover, even if such a ruling constituted legal error, such error would be harmless if the general finding was for the plaintiff. The cases, therefore, would be very rare in which such a ruling would constitute reversible error.

On the other hand, the denial of such a ruling, not rendered immaterial by a special finding or special findings,

except in unusual instances would constitute legal error, and such legal error would rarely be harmless. The denial of a request by a defendant for a ruling that the evidence warranted a finding for him is likely to constitute reversible error, except in an unusual case. Such a request, except in an unusual case, is likely to be a trap for the unwary rather than a method of preserving a right of review on questions of law. This trap can ordinarily be avoided more surely by granting the request than by a special finding or special findings of fact.

The judge in the present case made special findings of fact, but these special findings of fact were not such as to render the defendant's first request for a ruling immaterial. In *Tavano* v. *Worcester*, 287 Mass. 420, 422, the court used the following language which is applicable to the present case: "The mere existence of a defect in a highway which is capable of causing injury to a traveller does not impose liability upon a city. Such liability is not established in a case founded on the highway statute unless it is proven that a defect existed which caused injury to the plaintiff (*Kingsbury* v. *Dedham*, 13 Allen, 186, 190; *Witham* v. *Boston*, 262 Mass. 291), and unless it is also proven that the defect was of such a character that by the exercise of the required care and diligence the city would have known of the defect and should have remedied it. G. L. (Ter. Ed.) c. 84, § 15. *Stone* v. *Boston*, 280 Mass. 31, 34." See also *Cournoyer* v. *Holyoke*, 314 Mass. 604, 606. It is at best doubtful whether the judge in the present case made any special finding that the "hole" that constituted a defect was a cause of injury to the plaintiff. The finding on this issue was that the "plaintiff fell September 6, 1941, and she has suffered more or less since." So far as this express finding goes, something other than the defect may have caused the plaintiff's fall and her subsequent suffering. But even if the language of this special finding, read in connection with the other special findings, could be interpreted as a finding that there was a causal relation between the defect and the injury to the plaintiff, there clearly was no special finding that the "defect was of such a character that by

the exercise of the required care and diligence the city would have known of the defect and should have remedied it." Even if the evidence warranted such a finding it does not appear that the judge made this special finding or any special finding equivalent thereto. The special finding that "the hole was a defect" cannot rightly be interpreted, as suggested by the plaintiff, as a finding that the hole was an actionable defect, implying that all the elements essential to proof of the plaintiff's case were found. It is unnecessary to consider the special findings in other particulars. Notwithstanding the special findings, a finding for the defendant would have been warranted.

The first requested ruling, therefore, was not rendered immaterial by the special findings, and it was erroneous to deny the defendant's request for this ruling, for such a denial was in effect an erroneous ruling that as matter of law a finding for the defendant was not warranted, or, in other words, that a finding for the plaintiff was required as matter of law. The general finding for the plaintiff actually made must be "deemed on appeal the result of such ruling of law, and not the result of a consideration of the question of fact." *Rummel* v. *Peters*, 314 Mass. 504, 517. This erroneous ruling of law vitiated the general finding for the plaintiff.

2. Since the erroneous denial of the defendant's first request for a ruling vitiated the general finding for the plaintiff, it is unnecessary to consider whether there was error in denying the defendant's sixth request for a ruling.

> *Order dismissing report reversed.*
> *Finding for the plaintiff vacated.*
> *Case to stand for trial in the District Court.*