JOHN T. D. BLACKBURN, INC. *vs.* WALTER F. LIVERMORE.

Essex.    June 28, 1944. — September 13, 1944.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal. *Conversion.*

The Appellate Division having reviewed a denial, reported by a District Court judge, of a request for a ruling "on all the evidence and the law," the propriety of the denial was open in this court upon appeal whether or not, under Rule 27 of the District Courts (1940), the requesting party would have been entitled to a review of the denial as of right.

Evidence that a purchaser of goods from a corporation sent to an officer thereof a check for the entire purchase price payable to the officer, who indorsed the check and deposited it in the corporation's bank account, where it was used in the corporation's business, did not require a finding that the officer converted the check or any part of its proceeds, although the purchaser never received some of the goods and the corporation became bankrupt.

TORT.    Writ in the District Court of Southern Essex dated September 22, 1942.

The action was heard by *Foley,* J., who found for the defendant.

Requests by the plaintiff for rulings, referred to in the opinion, were as follows: "1. That on all the evidence and the law the defendant converted to his own use $361.98 belonging to the plaintiff. . . . 2. That on all the evidence and the law the defendant converted to his own use property of the plaintiff to the value of $361.98. . . . 3. That on all the evidence and the law the plaintiff is entitled to a finding in its favor on its declaration in this case. . . . 4. That on all the evidence and the law the defendant improperly used or caused to be used the plaintiff's check, an exhibit in this case. . . . 5. That on all the evidence and the law the plaintiff brought suit within a reasonable time from the date of conversion. . . . 6. That on all the evidence and the law the plaintiff is entitled to a finding in its favor."

The Appellate Division for the Northern District ruled that requests 1, 2, 3, and 6 should have been granted, and ordered that the finding be vacated and that there be a finding for the plaintiff. The defendant appealed.

In this court the case was submitted on briefs.

*R. P. Dellinger*, for the plaintiff.

*J. W. Santry, Jr., & D. Santry*, for the defendant.

SPALDING, J. Although the declaration in this case does not properly set forth a cause of action for conversion, the case was tried as one for conversion and the Appellate Division dealt with it on that basis. Counsel in their briefs in this court have so treated it and we shall do likewise. Since the court in which the case was tried had jurisdiction of the subject matter of the dispute, defects in the pleadings may be treated as waived. *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528, 533.

The plaintiff contends that the defendant converted a check in the amount of $361.98. The District Court judge found facts which may be summarized as follows: The defendant was the president and treasurer of a corporation bearing his name (hereinafter called the corporation). The plaintiff ordered some pipe of the corporation for use in a W. P. A. project in New Bedford. The corporation did not manufacture the pipe but obtained it from the Stillwater Pipe Company and this fact was known to the plaintiff. One of the terms of sale was that it would be paid for when the pipe was delivered in New Bedford. The plaintiff, learning that the corporation was in financial difficulties and in order to facilitate the obtaining of the pipe, agreed that it would pay for it when "placed upon any railroad siding." After receiving some of the pipe the plaintiff sent a check for something in excess of $600 payable to the defendant to cover the entire order. The defendant kept the check for a week or ten days until he had reason to believe that some of the pipe was about to be shipped to the corporation by the Stillwater Pipe Company. He then indorsed and deposited it in the bank account of the corporation which thereafter used the proceeds in the ordinary course of its business. Part of the pipe was never delivered

to the plaintiff, thus resulting in an overpayment of $361.98, the amount now claimed by the plaintiff. Sometime thereafter the corporation was adjudicated a bankrupt. The judge concluded that "the defendant did not convert any of the proceeds of this check to his own use" and found for the defendant.

The plaintiff filed six requests for rulings. The judge granted the fifth request and denied the others. The plaintiff contends that the requests that were denied should have been granted, and the correctness of the judge's disposition of them raises the only questions before us. The Appellate Division held that requests numbered 1, 2, 3 and 6 should have been granted and ordered that a finding be entered for the plaintiff.

Requests numbered 1, 2, 3 and 6, in effect, asked the trial judge to rule that the plaintiff was entitled to recover as matter of law. It is not necessary to consider whether these requests were within the provisions of Rule 27 of the District Courts (1940) requiring specifications if a party is to be entitled to review as matter of right. Since the Appellate Division reviewed the rulings they are properly before us on this appeal. *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. *Hoffman* v. *Chelsea*, 315 Mass. 54, 55. We think that the trial judge was right in refusing to grant these requests. On the evidence a finding was warranted that at the time the check was deposited by the defendant the plaintiff had parted with its title to it and had no right to the possession of it or its proceeds. See *Bacon* v. *George*, 206 Mass. 566, 570; *Judkins* v. *Tuller*, 277 Mass. 247, 250; *Handy* v. *C. I. T. Corp.* 291 Mass. 157, 159; *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269, 271. If a finding for the defendant was permissible — and we think it was — these requests could not have been given. *Milmore* v. *Landau*, 307 Mass. 589, 590. *Hoffman* v. *Chelsea*, 315 Mass. 54. The fourth request likewise could not have been given. It called for a ruling that the defendant "improperly used or caused to be used the plaintiff's check" as matter of law. The judge, in view of what we have said, was not obliged to find that this was so.

Since there was no error in the reported rulings of the trial judge, the order of the Appellate Division must be reversed and the finding for the defendant is to stand.

*So ordered.*