*Municipal Court of the City of Boston*

No. 370486

**KAREKIN K. NAJARIAN**

v.

**EDWARD T. LEVAY, et al**

(June 14, 1954)

This is an action of tort in which the plaintiff seeks to recover damages for personal injuries and property damages which he alleges to have received as a result of a motor vehicle collision between an automobile owned and operated by him and a bus owned by the defendant, The Boston, Worcester & New York Street Railway Company and operated by its agent, the defendant, Edward T. Levay. The collision occurred on August 9, 1953 at or about 10:35 a.m., at the intersection of Arlington Street and Columbus Avenue, Boston, Massachusetts. The weather was clear and the roads were dry.

At the trial there was evidence tending to show that the plaintiff on August 9, 1953 at or about 10:35 a.m., turned into Arlington Street, Boston, from Boylston Street and proceeded in a southerly direction on Arlington Street. When he reached the intersection of Arlington Street and Columbus Avenue he looked to his left and right and, observing no traffic approaching from either direction, proceeded to cross the intersection. The plaintiff testified that his rate of speed was about ten (10) miles per hour as he proceeded across the intersection. The distance in feet from the point of the intersection which he entered to the other end is about one hundred (100) feet. He further testified that when he was almost out of the intersection his motor vehicle was struck on the right rear side and was spun around, so that when his vehicle came to a stop, it was facing the direction from which it had come. The plaintiff further testified that at no time prior to the collision did he see the defendant's bus. After the collision, he saw the defendant's bus on Columbus Avenue facing in the direction of Park Square, Boston. In the process of being spun around as a result of the impact, the left rear side of the plaintiff's vehicle struck a New York vehicle which was parked on Arlington Street outside of the Boston Consolidated Gas Company building facing the same direction which the plaintiff's vehicle was travelling. This

parked New York car was several feet from the corner.

A witness for the plaintiff testified that he was standing outside of his taxi which was standing on Columbus Avenue facing Park Square and saw the collision. He testified that he saw the plaintiff's vehicle proceeding across the intersection at a speed of about ten (10) miles per hour and that the plaintiff's vehicle was struck on the right rear side as the front of it was about to enter Arlington Street. He saw the plaintiff's vehicle spin around and face the direction it had come from after it came to a stop. He also testified that he saw the bus travelling on Columbus Avenue towards Park Square, Boston, and that its speed was about twenty (20) miles per hour.

The defendant, Edward T. Levay, the bus operator, testified that he had come out of Stuart Street into Columbus Avenue heading in the direction of Park Square. He testified in direct examination that he at no time prior to the accident saw the plaintiff's vehicle. He stated that the left front of the bus collided with the right rear of the plaintiff's vehicle.

At the close of the trial and before the final arguments, the plaintiff made the following requests for rulings which were disposed of as indicated.

1. The evidence warrants a finding that the plaintiff was in the exercise of due care. *Granted.*

2. The evidence warrants a finding that the plaintiff was not guilty of contributory negligence. *Granted.*

3. The evidence warrants a finding that the defendant, Edward T. Levay was guilty of negligence. *Granted.*

4. The evidence warrants a finding that the defendant, The Boston, Worcester & New York Street Railway Company, was guilty of negligence by reason of the negligence of its agent or servant, Edward T. Levay. *Granted.*

5. The evidence warrants a finding as a matter of law that the plaintiff was not guilty of negligence.

*Denied.* I construe this request to mean that the evidence requires that I find the plaintiff in exercise of due care.

6. The evidence warrants a finding that the plaintiff was three-fourths of the way across the intersection of Arlington Street and Columbus Avenue when the collision took place. *Granted.*

7. The evidence warrants a finding that the plaintiff was operating his motor vehicle at a safe and reasonable speed. *Granted.*

8. The evidence warrants a finding that the defendant, Edward T. Levay, was operating the motor vehicle of the defendant, The Boston, Worcester & New York Street Railway Company, at a rate of speed which was not reasonable. *Granted.*

The trial judge found for the defendants.

The plaintiff claims to be aggrieved by the denial of his request for ruling No. 5.

In *Bresnick v. Heath,* 292 Mass. 293 at 299, the court said: "But the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 7." In that case request No. 7 read: "There is evidence to warrant the court to find for the plaintiff." This request was denied and the trial judge found for the defendant and the court ordered a new trial.

The court said among other things in speaking of request No. 7: "The request was not a request that as a matter of law the plaintiff was entitled to recover", the reasonable inference from the language used being that the trial judge would not have to grant a request of that type for the reason that in effect it commands the trial judge to find for the plaintiff.

But what the court made clear in *Bresnick v. Heath supra* was that by the failure of the trial judge to make specific findings of fact, plus the absence of anything in the record to show the reasoning and approach to the "ultimate decision" on the part of

the trial judge, there was doubt and consequently a new trial was ordered.

In the instant case the trial judge very definitely indicated why he denied this request for ruling, viz: "I construe this request to mean that the evidence requires that I find the plaintiff in exercise of due care." If upon the evidence a finding that the plaintiff was not in the exercise of due care was permissible, and we think it was, the trial judge did not have to give this request. *Milmore v. Landau,* 307 Mass. 589; *Hoffman v. Chelsea,* 315 Mass. 54; *Blackburn, Inc. v. Livermore,* 317 Mass. 20.

The trial judge could have concluded that the plaintiff was not in the exercise of due care by reason of the fact that when he looked to the right and left he looked carelessly or he would have seen the defendant vehicle.

In consideration of the treatment of request No. 5 by the trial judge it must be kept in mind that he had granted other requests, viz:

1. The evidence warrants a finding that the plaintiff was in the exercise of due care.

2. The evidence warrants a finding that the plaintiff was not guilty of contributory negligence.

3. The evidence warrants a finding that the defendant, Edward T. Levay was guilty of negligence.

In short the trial judge made it clear on the record that the "ultimate decision" was a question of fact and we find no error.

In *Hoffman v. Chelsea,* 315 Mass. 54 at 56, the court said: "In cases where, as in the present case, the burden of proof is upon the plaintiff, and the evidence is largely oral, as has frequently been pointed out, it can rarely be ruled as matter of law that the plaintiff is entitled to recover."

We could further say that in the instant case the due care or negligence were questions of fact and the trial judge treated them as such, and the trial judge did not have to go as far as the plaintiff de-

manded in request No. 5.

*Report Dismissed.*

George Goldstein, for the plaintiff.

John J. Murphy, Philip Fine, for the defendant.