CLAUSON'S OF BROOKLINE, INC. & another *vs.* WHITE FORD, INC. (and a companion case between the same parties). May 2, 1962. Exceptions overruled. These two actions at law were tried with an equity case, *White* v. *Clauson, ante,* p. 750, and are based upon essentially the same facts. One action is to recover for equipment alleged to have been sold to White Ford, Inc. The other is to recover for use and occupation of the real estate, as to the acquisition of which in *White* v. *Clauson, supra,* it was claimed that Clauson and White had entered into a joint adventure. The trial judge found for the plaintiff on one count in each case. The only exceptions now argued are those to the denial, in each action, of a request for a ruling that a finding in favor of the plaintiff was not warranted. Recovery of $7,000 for goods sold and delivered was warranted by reasonable inferences (see Restatement: Restitution, §§ 15, 39; Williston, Sales [Rev. ed.] § 171) from evidence that the equipment had been purchased by the plaintiff for $7,000 but was worth more, that it had been transferred to and remained upon the premises occupied by White Ford, Inc., that it was being used by that corporation, and that the plaintiff did not "contribute" the equipment to White Ford, Inc. Recovery of $4,776 for use and occupation of the premises was warranted by evidence that the premises had been leased from another by the plaintiff before the plaintiff purchased them from the lessor, that, prior to the plaintiff's acquisition of the premises, White Ford, Inc., had paid the rent, that payments of rent by White Ford, Inc., thereafter had been contemplated, and that White Ford, Inc., had paid no rent for the premises, which it had continued to occupy, after their purchase by the plaintiff. See *Milmore* v. *Landau,* 307 Mass. 589, 591; *Story*

v. *Lyon Realty Corp.* 308 Mass. 66, 69–70.   Cf. *Siver* v. *Atlantic Union College,* 338 Mass. 212, 216.

*George W. McLaughlin* for the defendant.

*Julian L. Yesley (Richard W. Renehan* with him) for the plaintiffs.