*Southern District*

No. 21748

## CLAIRE CHACE

v.

## GEORGE BURROWS

*Present:* Nash, C.J., *Cox, Murphy, JJ.

Case tried to *Driscoll, J.* in the Second District Court of Bristol   No. 21748

*Cox, J.*   In this action of tort the plaintiff seeks damages for injuries sustained by her while a tenant of the defendant. There was a finding for the defendant. The plaintiff claiming to be aggrieved by the denial of three of her seven requests for rulings of law the justice reported the case for our determination.

The three requests which were denied are:

3. Upon all the evidence, the court is warranted in finding that at least one of the tub-shaped rubbish barrels was dented, broken, sharp and protruding at the top rim, at the time of the alleged accident.

5. Upon all the evidence, the court is warranted in finding that the plaintiff's injuries were caused by the negligence of the defendant.

6. Upon all the evidence, the court is warranted in finding that the plaintiff's accident was not caused, in whole or in part, by the contributory negligence of the plaintiff.

We undertake to review the three rulings which the justice denied. *Hoffman* v. *Chelsea,* 315 Mass. 54, 55. See also *Milmore* v. *Landau,* 307 Mass. 589, 590. *Sokoloski* v. *Splann,* 311 Mass. 203, 205-206. *John T. D. Blackburn, Inc.* v. *Livermore,* 317 Mass. 20, 22.

*There was evidence by the plaintiff that* while carrying trash to deposit it in tubs provided by the landlord in an area at the rear of the premises for the common use of all the tenants, in-

cluding the plaintiff, she injured her right leg below the knee on a *jagged protruding portion of the top rim of a rubbish tub*. That the tubs were maintained in the area from the time the plaintiff became a tenant, nearly a year and one-half before the accident, is not in dispute. Nor is it disputed that they were in good condition at the time the plaintiff became a tenant. There was evidence, in conflict with that of the plaintiff, that at all times the tubs were not broken or jagged but were in good condition and "O. K." at the time of the alleged accident.

On cross examination the plaintiff reiterated that she had cut herself on the rubbish tub but admitted that when asked at the hospital how she received her injury she replied "I don't know" and still does not know. She also stated during cross-examination that she did not look to see what had caused her injury after it occurred, that she must have backed into the tub. However, on re-cross-examination she again stated she had cut herself on the rubbish tub. In that uncertain and conflicting state of the evidence given by the plaintiff there remained evidence favorable to her which the justice could consider. She was not foreclosed by her statements which were unfavorable to her, as the defendant contends. *Fitzgerald* v. *McClymont*, 314 Mass. 497, 498-499. See also *McFaden* v. *Nordblom*, 307 Mass. 574, 575. *Gambardello* v. *H. J. Seiler Co.*, 335 Mass. 49, 52.

"With respect to common areas used by

tenants over which the landlord retains control, the landlord owes to his tenants 'the duty to use reasonable care to keep the common areas in as good a condition as that in which they were or appeared to be at the time of the creation of the tenancy.' *Goodman* v. *Smith,* 340 Mass. 336, 338.'' *Crea* v. *Stuzenas,* 344 Mass. 265, 267 and cases cited. *Marion* v. *Bryson,* 326 Mass. 618, 619.

The foregoing quotation is from *Campbell* v. *Romanos,* 346 Mass. 361, 364-365. The opinion goes on to say that ''The duty is concerned with the condition of the premises when the tenancy began. 'There is at common law, in the absence of special agreement, no duty on the part of the landlord to see that articles not part of the building are not left on common stairways [areas] by persons other than himself or his agents or employees.' *Richmond* v. *Warren Institution for Savings,* 307 Mass. 483, 486, and cases cited. *Bacon* v. *Jaques,* 312 Mass. 371, 373. *Hebb* v. *Gould,* 314 Mass. 10, 14-15. *Vaillancourt* v. *Rex Realty Corp.,* 326 Mass. 534, 535-536.'' The opinion proceeds to hold that the evidence presented a question of fact whether the landlord ''had assumed a duty by the terms of the letting to remove rubbish from the stairs and hallways, which he negligently performed, and was therefore liable to a tenant, or one who has the same rights as a tenant, *Carey* v. *Malley,* 327 Mass. 189, 194, who suffered injury as a result. . . . The test . . . as repeated and applied

more recently in *Donnelly* v. *Larkin,* 327 Mass. 287, 290 reads, 'The contract of letting does not appear to have been in writing. There was no direct and positive evidence as to its terms. Therefore the conduct of the landlord and of the tenant, to the extent that it was so open and notorious as to speak the understanding of the parties and as to be likely to have come to the attention of the others and to be of such character as to call for some action on his part if he did not assent to the implications fairly arising from it, may be resorted to for the purpose of determining what were the terms of the tenancy according to the intentions and contemplation of the parties.' ''

Applying such authority to the facts in the case before us, it seems clear that a finding was at least warranted that the defendant had assumed as one of the terms of the tenancy the duty of providing and maintaining the tubs for the disposal of rubbish, by the plaintiff and the other tenants in the common area, for breach of which duty he may be held liable in damages for the plaintiff's injuries. *Campbell* v. *Romanos,* 346 Mass. 361.

There was evidence that the city made weekly collections of the rubbish, that the defendant took care of the rubbish area, put the trash containers out for the collection and returned them to the common area after collection. It could have been found that there was a defective container which caused the plaintiff's

injury and that the defendant knew or ought to have known about it in time to have taken measures to eliminate the danger. The questions of negligence and contributory negligence were questions of fact. *Campbell* v. *Romanos*, 346 Mass. 361, 366. *Correira* v. *Atlantic Amusement Co. Inc.*, 302 Mass. 81, 83 and cases cited. *Bacon* v. *Jaques*, 312 Mass. 371, 373-374. *Hebb* v. *Gould*, 314 Mass. 10, 14-15. *Carey* v. *Malley*, 327 Mass. 189, 193-194. Being questions of fact the justice need not have hesitated to grant the requested rulings and then go on to find as he did for the defendant. But his denial of the requested rulings was equivalent to a ruling that the evidence required a finding for the defendant and this, as we see it, was not so. His denial of the requests was not harmless error. The denial was not rendered inconsequential by special findings of fact. "The plaintiff was entitled to the ruling(s) requested or to a statement of findings of fact showing that the ruling(s) had become immaterial." *Hoffman* v. *Chelsea*, 315 Mass. 54, 55-56. *Brodeur* v. *Seymour*, 315 Mass. 527. *Liberatore* v. *Framingham*, 315 Mass. 538. *Catalucci* v. *Massachusetts Bay Transportation Authority*, 351 Mass. 360.

There should be a new trial.