*Southern District*

## KAPLAN FURNITURE COMPANY

### v.

## JOSEPH BASTARACHE, ET AL

Argued: Apr. 29, 1969.   Decided: July 25, 1969.

*Present:* Nash, C.J., Owen, Murphy, J.J.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol, No. 1981.

*Murphy, J.* This is an action of replevin by writ dated September 24, 1968, in which the plaintiff replevied the following personal property: (1) one Motorola television (2) one Admiral refrigerator (3) one Postureflex inner spring mattress and (4) one Postureflex box spring, for failure to pay the agreed amount of monies according to two conditional sales contracts entered into between the plaintiff and the two defendants. The plaintiff's declaration was in two counts: Count 1 was against the defendant, Joseph Bastarache, for the Motorola television, and Count 2 was against his wife, the defendant, Ora Bastarache, for the remaining personal property.

The defendants' answer was a general denial and a further allegation that the plaintiff had violated G.L. c. 255, § 13B, in effect at the time of this transaction, by including items purchased on July 5, 1966, with the items purchased on January 5, 1966, on the same account book for reasons of notating payments on both of these contracts.

The following facts were submitted on an agreed statement of facts:

A Motorola television was received by the defendants on January 8, 1966. The defendant, Joseph Bastarache, agreed to pay $4.00 per week for this television set, the principal amount being added to the payment book under the name of Ora Bastarache. The purchase price of the television set was $225.00, with a carrying charge of $32.25, making a total of $257.25. On July 8, 1966, the defendant, Ora Bastarache, signed a retail installment sale agreement, and did receive a refrigerator, a mattress, and a box spring. The defendant, Ora Bastarache, agreed to pay $9.00 per week for these items. The purchase-price of the refrigerator, mattress, and box spring was $638.45, with a carrying charge of $122.00, making a total of $760.45. At the time the latter articles were purchased, there remained a balance due on the television set of $122.00.

On February 8, 1958, the defendant, Joseph Bastarache, opened an account with Kaplan Furniture Store under the name Joseph Bastarache, being account #12928. In April, 1959, this account was changed to the name Ora Bastarache, and the account number was not changed but remained #12928; thereafter, it remained under the name Ora Bastarache. Following January 8, 1966, all payments on this account were made by Ora Bastarache. The plaintiff added both the amounts due on these two retail installment sale agreements to the same accounting book issued to Ora Bastarache, and there-

after, notated all payments on this accounting book. Subsequent to July 8, 1966, six payments were made in the amount of $10.00; twenty-three payments made in the amount of $9.00; one payment made in the amount of $3.00. The defendant, Ora Bastarache, made her last payment on April 23, 1968, at which time there remained a balance due of $516.00, and that the defendants have been in default of payments since that time. At no time were payments of $13.00 ever made. That on June 22, 1968, the plaintiff made demand for full payment or for repossession. Payment on this demand was not made by defendants. The plaintiff retained a mover to pick up this personal property, but at that time, the defendants refused to allow the movers into their home. The plaintiff expended the sum of $21.00 for these movers. It was agreed that the retail security agreements involved in this action do not contain any provisions for a security interest in personal property other than that sold.

Thereafter, evidence was heard on the only controverted fact as to whether Joseph Bastarache actually signed the conditional sales contract in the store or whether he signed this contract at home when the television set was delivered, thinking this document to be a receipt for delivery of the television set. The judge found as a fact that Joseph Bastarache signed this contract and purchased the TV set.

At the close of the trial and before final ar-

guments, the plaintiff filed eleven requests for rulings; we concern ourselves only with No. 11, which reads as follows:

"There is insufficient evidence to warrant a finding that the security agreements signed by the defendants, contained a provision attempting to include any personal property other than that sold for the purchase price, as security for the payment of such purchase price."

The defendants filed nine requests for rulings which do not require further comment in view of our decision hereinafter set forth.

The court made the following findings:

"On January 8, 1966, that plaintiff entered into a conditional sales contract with Joseph Bastarache, a defendant, for the purchase of a TV set for $225.00 and interest of $32.25 over 18 months for a total of $257.25. At the time the set was sold, both Ora and Joseph Bastarache were in the store and Joseph signed the contract.

Payments were made until July 5, 1966, in the amount of $135.00, leaving a balance of $122.00 when the defendant Ora Bastarache purchased on a conditional sales contract, a refrigerator, a mattress, and a box spring for $638.45 and $122.00 interest over a two (2) year period or a total contract of $760.45.

The plaintiff instead of maintaining this as a separate account, added the sum of $760.45 to the sum of $122.00 in a payment book which at

all times was maintained in the name of Ora Bastarache; and the intermingling of these accounts was a violation of G.L. c. 255, Section 13B, which was then in force and that this action by the plaintiff made two (2) conditional sales contracts null and void.

The defendant Ora Bastarache, paid $366.45 on the account up to April 23, 1968, and the balance of $122.00 due on the TV set was part of this and was paid by October 22, 1966, leaving an interest credit of approximately $12.00 due to the defendants. Therefore, the TV set is bought and paid for by the defendants and $256.45 must be credited to $760.45 due on the second contract, leaving a present balance due from Ora Bastarache on the refrigerator, mattress and box spring of $504.00.

The defendant Joseph Bastarache purchased the TV and the defendant Ora Bastarache purchased the refrigerator, mattress and box spring. Since the conditional sales are null and void, Ora Bastarache owns the refrigerator, mattress and box spring, but owes a balance of $504.00 on them. Joseph Bastarache owns the TV set free and clear.

Therefore replevin does not lie and the articles in question should be returned to the defendants.''

The court denied plaintiff's requests numbered 1 and 11, and granted plaintiff's requests numbered 2, 3, 4, 5, 6, 7, 8, 9 and 10. No reason was given for the denial of request No. 11.

The report states that it contains all the evidence material to the questions reported.

The plaintiff claims to be aggrieved because the judge found that the intermingling of payment book accounts was a violation of G.L. c. 255, § 13B; that the finding that replevin did not lie; to the refusal to rule as requested; and to the finding for the defendant.

We agree with the judge that the TV set cannot be replevied as it was bought and paid for by the defendant Joseph Bastarache. The record is clear on this point.

The other three articles, namely, the refrigerator, the mattress and the box spring were sold on a conditional bill of sale on July 6, 1966 to Ora Bastarache, and replevin does lie as to those three articles.

The defendant used the same payment book for all articles, including the TV set sold to Joseph and applied all payments made on either account to the same total. It now claims title sufficient to sustain an action for replevin for all of the articles. That contention must fail as to the TV set originally bought by Joseph Bastarache, but it is good as far as the other three articles purchased by Ora Bastarache are concerned.

The trial judge found that the intermingling of the accounts (i.e., payments being recorded in the same book) was a violation of G.L. c. 255, § 13B as amended; and that this action rendered the conditional sales contracts null and

void. We do not agree. No case has been brought to our attention, and we know of none where the intermingling of payments in the same account book, as was done in this case, would prejudice the rights of the defendant Joseph Bastarache to have the payments on the TV set credited to that item, and when all were paid, to own it. Neither would such intermingling affect the right of the plaintiff to expect payment for the other three articles, which were the subject of the second conditional sales agreement, and if payment was not made to repossess these items as provided in that agreement.

There were two conditional sales contracts: One for the TV set, and one for the other three items, namely, the refrigerator, the mattress and the box spring. There is no other personal property involved in these two actions. They were two separate and distinct sales. Furthermore, it was agreed at the trial, "The retail security agreements involved in this action do not contain any provision for a security interest in personal property other than that sold." We are entirely in accord with that statement, and that being the case, Chapter 255, Section 13B is not applicable. An attempt has been made to read something into this statute which is not there and thus make it applicable to the facts in this case. This is plainly wrong.

It was prejudicial error to deny plaintiff's request No. 11, and because of this, it is not necessary for us to discuss the action by the

judge on the other requests which have become immaterial. *Hoffman* v. *Chelsea*, 315 Mass. 54.

*Judgment should be ordered on Count 1 for the defendant Joseph Bastarache.*

*The finding for the defendant Ora Bastarache on Count 2 is hereby reversed and judgment is to be entered for the plaintiff.*

RAYMOND A. LETOURNEAU
  of New Bedford for the plaintiff
FELIX F. PERRONE
  of New Bedford for the defendant.