*Western District*

No. 308-C-70

**PAUL M. CASASSA**

v.

**ARTHUR L. DONNELLAN**
**ELIZABETH R. DONNELLAN**

Argued: Apr. 21, 1971 - Decided: Apr. 26, 1971

*Present:* Garvey, P.J., Sloan, & Dudley, J.J.
Case tried to *Donohue, J.* in the District Court
of Holyoke #308-C-70.

**Sloan, J.** In this case of contract the plaintiff seeks to recover a broker's commission for services rendered in connection with the sale of the defendants' house. After a finding for the plaintiff in the amount of $1500.00 the defendants claim a report.

We summarize the reported evidence relative to the issues presented.

The defendants owned real estate at 4 East

Street, South Hadley, Massachusetts which they occupied as their residence and other real estate in the vicinity thereof.

The defendant, Arthur Donnellan and the plaintiff were each licensed real estate brokers, and had done business with each other in the buying and selling of real estate for at least a couple of years.

The defendants intended to leave the Commonwealth of Massachusetts and desired to sell their house.

The Internal Revenue Service placed a lien on all real estate owned by the defendants in the amount of $16,572.27 which was recorded in the Hampshire County Registry of Deeds on December 1, 1969. The plaintiff became aware of this lien not later than December 1, 1969. There was a mortgage on the house in the principal amount of at least $26,000 in February 1970.

The plaintiff advised the defendants that he had a buyer for their house at a certain price. The plaintiff and defendant, Arthur Donnellan discussed commission. The plaintiff desired the customary six per cent (6%) commission, but the defendant Arthur Donnellan objected and finally the parties agreed on a sales price of $43,500 and a commission in the amount of $1500.00. The defendants stated that they required a net of $42,000 for payment of any commission.

The defendant Arthur Donnellan testified

that he told the plaintiff that the sale would depend on the defendants obtaining a release of the tax lien. The tax lien had not been released at the time of the trial. The plaintiff denied that the release of the tax lien was a condition of the sale.

In March, 1970 the plaintiff obtained purchasers who were ready, able and willing to purchase the defendant's house. They gave a check for $1000.00 to the plaintiff to show good faith, signed a Buy and Sell Agreement and the plaintiff delivered both the check and the Buy and Sell Agreement to the defendants. The check and the Agreement were returned to the plaintiff in July, 1970.

The defendant Arthur Donnellan refused to sign the Buy and Sell Agreement [assigning] the reason that he had not succeeded in obtaining a release of the tax lien. On cross-examination he stated that they had received a letter from the Internal Revenue Service stating that the Internal Revenue Service would discharge the tax lien at the real estate closing. He never advised the potential buyer that the removal of the tax lien was a requisite before he would sign an agreement or sell the property.

In July, 1970 after several requests that the sale be consummated, the buyers purchased another home.

The defendants were still willing to sell to the buyers once the tax lien was removed.

At the close of the trial the defendants filed the following Requests for Rulings:

1. "The facts warrant a finding for the defendants.

2. An offer to pay a commission when broker procures a customer ready, able and willing to buy *on the seller's terms* does not constitute an employment contract.

3. As a matter of law plaintiff is not entitled to recover.

4. The arrangement between the parties was only a unilateral offer by the defendants to the plaintiff and plaintiff cannot prevail without showing full performance.

5. The evidence warrants the finding that plaintiff has failed to sustain his burden of proving that he complied with the defendants terms for earning a commission."

See *Dragone* v. *Dell-Isola,* 332 Mass. 11, 12 and 13.

The Court made the following "Finding & Disposition of the Requests for Rulings":

"This is an action of contract to recover a real estate commission.

I find that the plaintiff produced a ready, willing and able purchaser of the defendant's property.

The defendant filed requests for rulings and I am treating them as follows:—

1. Allowed, but I do not so find.
2. Denied. I specifically find that the plaintiff produced a ready, willing and able purchaser.
3. Denied. See number two.
4. Denied. See number two.
5. Allowed, but see number two.

I find for the plaintiff and assess damages in the amount of fifteen hundred ($1500.00) dollars.''

The defendants claimed a report on the denial of their requests for rulings 2, 3 and 4 and the allowance for request number 5 without judgment for the defendants.

We find no error in the judge's finding or rulings. Requests numbered 1 & 5 are requests that the evidence ''warrants'' a certain finding. A judge may properly grant such requests and correctly make a finding directly opposite to the finding set forth in the requests. Our Supreme Court has stated clearly that there is no inconsistency in so doing. *Hoffman* v. *Chelsea,* 315 Mass. 54.

Request number 3 that the plaintiff as a matter of law is not entitled to recover was rightly denied. The report contained evidence that the defendants agreed on the sale price and commission, and that the plaintiff produced a buyer ready, able and willing to buy. A ruling

that on such evidence no finding could be made for the plaintiff, would be reversible error.

■■■ Requests numbered 2 and 4 are based on the contention that one of the terms or conditions of the sale was that the Federal Tax Lien first be released. The evidence on this issue was contradictory, the plaintiff denying the existence of such a term or condition. The judge's finding for the plaintiff demonstrates that he found no such term or condition existed.

■■■ Request numbered 2 is capable of being read in two ways. Apparently the trial judge read it to mean — when a broker procures a customer ready, able and willing to buy on the seller's terms an offer to pay a commission does not constitute an employment contract. Read this way, there is a contract as the broker has accepted the seller's offer and complied with the seller's terms.

Counsel for the defendants apparently intended the request to be read — where there is an offer to pay a broker's commission if and when the buyer procures a customer ready, able and willing to buy on the sellers terms, such offer in itself does not constitute an employment contract. Read and interpreted this way, the denial of such a request would be error. *Dragone* v. *Dell Isola*, 332 Mass. 11.

■■■ Because of the general finding for the plaintiff, the specific findings made by the trial judge, and his denial of request number 4

"that the arrangement between the parties was only a unilateral offer by the defendants," we are convinced that the trial judge was correct in denying both requests number 2 and 4.

**The report is to be dismissed.**

ROBERT J. CURLEY of Holyoke
for the Defendant.

HENRY O'CONNOR of Holyoke
for the Plaintiff.