*Northern District*

No. 7837

## VICTOR A. HOWARD

### v.

## COMMONWEALTH OF MASSACHUSETTS

Argued: Nov. 2, 1972 - Decided: Jan. 23, 1973

*Present:* Cowdrey, P.J., Mason, J.

Case tried to *Troy, J.* in the District Court of Dorchester. Docket number 48509. Date of finding or decision appealed from Oct. 21, 1971.

**Cowdrey, J.** This is a claim for compensation as a victim of a violent crime, pursuant to Chapter 258A, of the General Laws in which the petitioner seeks to recover for lost wages and medical bills as a result of an alleged assault and battery on December 18, 1970, while walking home on Neponset Avenue in Dorchester, Massachusetts.

The court found for the petitioner in the amount of ten thousand ($10,000.00) dollars, less a deductible amount of two thousand seven hundred thirty-seven and 08/100 ($2,737.08)

dollars, making a total of seven thousand two hundred sixty-two and 92/100 ($7,262.92) dollars.

**At the trial there was evidence tending to show:**

The petitioner testified that as of December 18, 1970, he was employed as a printer for Shanghai Printing Press, 16 Oxford Street, Boston, at the weekly rate of $160.00; that on December 18, 1970, he had worked until 5:15 P.M., ran an errand at 5:30 P.M., walked to South Station and arrived at Fields Corner at 6:45 P.M.; that he had supper in a restaurant and then went to a bar across the street and remained there until approximately 10:15 P.M. While there, he consumed six bottles of beer. He then started to walk the 1¼ mile to his home when he was struck in the back of the head, knocked to the ground, and was either kicked or stepped upon. The petitioner lost consciousness and the next thing he remembered he was sitting on the curbstone when two Metropolitan District Commission (M.D.C.) police officers approached in a cruiser. The petitioner related his story of the assault to the M.D.C. policemen, but does not remember whether they wrote it down. The petitioner was unable to walk (broken leg), so the police carried him into the cuiser and took him home, where they physically carried him into his house. Fifteen minutes after the police left, the petitioner realized he needed medical at-

tention for his leg, and was taken to Boston City Hospital by his brother. The hospital record was submitted in evidence, and the history sheet stated that the petitioner fell near his home at 3:30 P.M., and that he drank a case of beer a day. The petitioner denied giving the above statements, although he admitted to the rest of the statements contained in the history sheet. Under that part of the hospital report captioned "Diagnosis Prior to Surgery", the attending doctor stated that the petitioner was intoxicated. The M.D.C. police have no record of the above described incident. The Boston City Hospital record does not indicate the police were summoned. A report to the Boston Police Department was made on June 10, 1971.

The respondent seasonably filed requests for rulings which, with court's rulings thereon, were as follows:

1. G.L. c. 258A, sec. 5, paragraph 2 requires that the police records show that a report of the crime was submitted within 48 hours of the occurrence unless delayed for good cause. *Allowed. Except this court finds that the report was delayed for good cause.*

2. The evidence warrants a finding that the petitioner's report to the police was not seasonably filed as required under Chapter 258A. *Denied. Because this petitioner's report fell within exception, namely, delayed for a good cause.*

3. The evidence is insufficient to warrant a finding that a crime compensable under G.L. c. 258A was committed. *Denied.*

4. The evidence warrants a finding that because of his conduct the victim contributed to the infliction of his injury. *Denied. I specifically find that the victim in no way contributed to the infliction of his injury.*

5. The evidence warrants a finding for the respondent. *Denied. As I find that. the petitioner was in the exercise of due care and unfortunately was the victim of an assault and battery.*

We prefer to rule on the correctness of the trial justice's action on request numbered 2 which we think is dispositive of the case.

Mass. G.L. c. 258A, §5 provides in part, as follows:

"No compensation shall be paid unless the court finds that a crime was committed, that such crime directly resulted in personal physical injury to, or the death of, the victim, and that police records show that crime was promptly reported to the proper authorities. In no case may compensation be paid if the police records show that such report was made more than forty-eight hours after the occurrence of such crime, unless the court finds said report to the police to have been delayed for good cause." [See: *Howard* v. *Commonwealth of Massachusetts*, 23 LEGALITE 320].

It is well settled that the denial of a request

that a particular finding is warranted, is error unless as a matter of law such was inapplicable or unless by clear and definite findings the court has demonstrated its inapplicability as immateriality. *Home Savings Bank* v. *Savransky,* 307 Mass. 601. *Bresnick* v. *Heath,* 292 Mass. 293. *Rummel* v. *Peters,* 314 Mass. 505. *Hoffman* v. *Chelsea,* 315 Mass. 54.

The denial of request no. 2 is equivalent to, and implies, a ruling that as a matter of law such a finding cannot be made, or in other words that as a matter of law the report was seasonably filed and that on the evidence no other conclusion could be drawn therefrom, unless however such denial is rendered immaterial by a special finding or a special finding of facts.

The question is now presented whether the statement of the trial justice after denying the request to wit "Because this petitioner's report fell within the exception, namely, delayed for good cause" is a special finding thus rendering the denial immaterial and harmless error.

The statute requires that the police records show that the crime was promptly reported to the police, and within 48 hours, unless the court finds said report to have been delayed for good cause.

There being no record of any report being filed until June 10, 1971, which was more than 5 months after the date of the alleged incident

and more than 2 weeks after the entry of the petition, we conclude that the trial court, from the evidence reported, as a matter of law, was not justified in concluding that the report was delayed for good cause. Clear and definite findings of fact were required to demonstrate that no error was made in his denial of the request.

**The finding for the petitioner is to be vacated and judgment entered for the respondent.**

Bryant E. Concannon
   for Plaintiff
Robert L. Surprenant
   for Defendant