421

Vincent LECHIARA, d/b/a
VINCENT'S CONSTRUCTION CO.
V.
Placido AMATO and Alfina AMATO

No. 8670

District Court Department
Appellate Division, Northern District
Commonwealth of Massachusetts

March 10, 1982

**Burton A. Shaker, Esq.,** counsel for plaintiff.

**Michael T. Stella, Sr., Esq.,** counsel for defendant.

## OPINION

**Forte, J.** This is an action for breach of a written contract. According to the terms of the contract the plaintiff was to perform painting and repair work on two houses, located at 130 and 130-1/2 Newbury St., Lawrence, Massachusetts.

The contract provided that "Workmens Compensation and Public Liability is carried by the Company (plaintiff) and applicable to the work to be performed under the contract."

For the above, the defendant agreed to pay $3,500.00 as follows:

1. No down payment.
2. 30% upon completion of the roof.
3. 30% upon completion of painting.
4. 40% upon completion of all work.

The contract also provided that ". . . . it is further agreed that the customer(s) shall pay the Company as liquidated damages for breach of contract a sum amounting to 25% of the cash contract price (plus the proportionate price of any work performed), if he (they) terminate(s) this agreement without consent of the Company after expiration of any cancellation time allowed by law."

There was evidence introduced that the roof work was completed and the defendant paid $1,000.00. Although the plaintiff demanded more money when the painting of 130-1/2 Newbury St. was completed the defendant refused because the contract was specific in that the plaintiff was not entitled to any further payment until all painting had been completed.

There is evidence tending to show that from the beginning the defendants were not satisfied with the plaintiff's attitude; first, with the delay in the starting of the job, secondly, with the method in which the old paint was being scraped, and thirdly, with the lack of continuity with the men when they began painting the cottage house to the rear.

In addition, there was evidence that the plaintiff did not carry Workmen's Compensation and Public Liability Insurance protecting the defendant and that the plaintiff was told by the defendant's attorney that unless he (plaintiff) did procure such insurance, he could not continue with the contract.

When the plaintiff failed to procure such insurance coverage, the defendant hired another to paint the three-story building at a cost of $1,700.00.

At the close of the evidence, the defendant filed fourteen requests for rulings. The following were denied:

4. The deviations by the Plaintiff from the strict requirements of the contract were material and substantial deviations for which the Defendants were warranted in having completed the contract with some other contractor.

5. The deviation by the Plaintiff in his failure to provide employees on the Defendants' premises with Workmen's Compensation Insurance and with a Liability Insurance Policy indemnifying the Defendants from the claims of anyone, was a substantial and material deviation which precludes the Plaintiff from recovering on his contract.

6. The deviation by the Plaintiff in failure to provide employees on the Defendants' premises with Workmen's Compensation Insurance and with a Liability Insurance Policy, entitled the Defendants to cancel the balance of the work to be performed by the Plaintiff under their contract.

7. The supplying of employees with Workmen's Compensation coverage and the indemnification of the Defendants under a Liability Insurance Policy were conditions actually stated in the contract and had to be adhered to by the Plaintiff; and failure to do

so discharged the contract.

9. The evidence warrants a finding that the Defendants dissatisfaction was genuine and without subterfuge as indicated by the payment of One Thousand ($1,000.00) Dollars upon the painting of the small cottage to the rear, and which had been scraped and painted unsatisfactorily.

10. If the Defendants had to expend any sum of money to complete the work contracted for and to be performed by the Plaintiff, such sums must be considered by the Court in mitigation of damages if a finding is to be made for the Plaintiff.

13. The evidence warrants a finding that the Plaintiff did in fact, breach his contract with the Defendants.

14. Upon all of the evidence, a finding is warranted for the Defendants.

The court found for the plaintiff for the balance of the contract price—$2,500.00.

Thereafter the defendant filed a motion for a new trial and for an amendment to the findings and judgment based upon the allegation that the findings and conclusions were contrary to the evidence, the findings are incomplete, and the court failed to indicate how it considered various parts of the evidence and contract. This motion was denied.

The defendant claims to be aggrieved by the denial of the above-listed requests for rulings (at argument, the defendant waived the objection to the denial of request #12) and by the denial of the motion for a new trial and amendment to the findings and judgment.

There was error.

There was no error in denying requests numbered 4, 5 and 6, because these requests require the trial judge to make an implied finding of fact, to wit: that the defendant deviated from the contract. "When a request…is a hybrid, asking an implied finding of a disputed fact as well as a ruling on law upon it, the request

is properly refused." **Liberatore v. Framingham,** 315 Mass. 538, 543-544 (1944).

There was no error in denying request #7. Although providing Workmen's Compensation and Public Liability Insurance were conditions imposed upon the plaintiff stated in the contract, failure to comply does not automatically discharge the contract, as the request for ruling reads. When one party does not comply with the conditions imposed upon him by a contract, the other party has options—to waive the condition or to treat the failure as a breach of the contract. "Any material failure by a party in the performance of his obligations will bar his recovery, unless it is shown that his performance has been excused or waived or that the other party cannot or will not perform. **Sipley v. Stickney,** 190 Mass. 43, 46-47 (1906)" **Pas-Teur, Inc. v. Energy Sciences, Inc.** Mass. App. Adv. Sh. (1981) 591, 592.

There were errors in denying requests #9, 13 and 14. These requests merely test the sufficiency of the evidence whether such findings would be permitted. **Ryerson v. Fall River Philanthropic Burial Society,** 315 Mass. 244 (1943).

The denial of these requests is tantamount to a ruling that the trial judge, on the evidence, would be required by law to find contrary to the referred-to finding of fact. **Bresnick v. Heath,** 292 Mass. 293 (1935). There was evidence reported that, if believed, would be sufficient to permit the findings referred to in requests #9 and #13.

As to request #14 a finding for the defendant was warranted or permitted. "The judge could have disbelieved the evidence essential to support a finding for the plaintiff. There was no evidence binding on the defendant that required a finding for the plaintiff. **Hoffman v. Chelsea,** 315 Mass. 54, 55 (1943). Although the trial judge made some special findings of fact, he made no findings concerning whether or not the plaintiff did provide the required insurance—a condition in the contract.

See discussion of request #7 above.

Since the erroneous denial of requests #9, 13 and 14 vitiates the finding for the plaintiff, it is unnecessary to consider whether there was error in the denial of the motions for a new trial and to amend the findings and judgment.

Therefore, the finding for the plaintiff is vacated and the case is to stand for a new trial.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
Robert L. Banks, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Charles R. Iannino
Clerk, Appellate Division