Dolan, PJ.
This is an action in which plaintiff seeks to recover from defendant under the terms of a homeowners policy of insurance, for loss of a stolen computer. The court was not persuaded that the computer was only for personal use or that it was the property of the plaintiff, and found for the defendant. Plaintiff has appealed alleging that the court was required to believe his testimony that the computer was only for personal use and that it belonged to him. There is no error.
On March 20,1989, while plaintiff’s homeowners policy of insurance with defendant was in effect, his automobile was burglarized while parked in front of his residence. The passenger window was broken and a computer was stolen. The replacement value of the stolen computer was over $8,000. Defendant paid $2,500 to plaintiff, the insurance policy’s limit for property on the residence premises and used at any time or in any manner for any business purpose. Defendant refused to pay any further amounts that would be required under the terms of the policy if the computer were not used at any time, or in any manner for any business purpose.
The computer was purchased by a corporation only a few months prior to the theft Plaintiff is an employee of the coiporation and is its president. He testified that the corporation provided him with the computer in lieu of compensation. He further testified that the computer belonged to him personally and was not used for business. He explained that at his place of business, he had a computer on his desk which was networked with other computers in the company. He testified that he used the stolen computer for personal matters such as use of his personal airplane, diary, correspondence and tax preparation. There was no conflicting direct testimony.
In cases where the burden of proof is upon the plaintiff, and the evidence is largely oral, it can rarely be ruled as a matter of law that the plaintiff is entitled to recover. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943). In this case, the burden of proof is on the plaintiff to show that the loss came within the policy provisions. Brown v. United States Fidelity & Guaranty Co., 336 Mass. 609, 615 (1958). The evidence in this case is largely oral. Although plaintiff testified that he did not use the computer for business purposes, that testimony can be disbelieved. Undisputed or uncontradicted testimony need not necessarily be believed by the finder of facts. Perry v. Hanover, 314 Mass. 167, 170 (1943).
In addition, where there is evidence that a corporation purchased the computer only a few months before the theft, that the plaintiff is an employee and president of the corporation, that he had custody of the computer, and that he alleges that a computer is worth over $8,000, an inference can be drawn that the computer was not only for personal use. Lawton v. Dracousis, 14 Mass. App. Ct. 164, 169 (1982).
There is no error in the court’s refusing to find that the computer was not used at any time, or in any manner for any business purpose.
Report dismissed.